**Entered on Docket**
**January 29, 2010**

JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone:  775-786-5000
Fax:  775-786-1177
Email: jlc@jonesvargas.com
   and    tbw@jonesvargas.com
   and    lbubala@jonesvargas.com

Attorneys for Certain Direct Lenders

WILLIAM A. BREWER III, ESQ.
Texas State Bar No. 02967035
*Pro Hac Vice to be filed*
MICHAEL J. COLLINS, ESQ.
Texas State Bar No. 00785495
*Pro Hac Vice filed*
KENNETH N. HICKOX, JR., ESQ.
Texas State Bar No. 24045194
*Pro Hac Vice to be filed*
ROBERT M. MILLIMET, ESQ.
Texas State Bar No. 24025538
*Admitted Pro Hac Vice*
BICKEL & BREWER
1717 Main Street, Suite 4800
Dallas, Texas  75201
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015
Email:  wab@bickelbrewer.com
            mjc@bickelbrewer.com
            kzh@bickelbrewer.com
            rrm@bickelbrewer.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ASSET RESOLUTION LLC,<br>BUNDY 2.5 MILLION SPE, LLC,<br>BUNDY FIVE MILLION SPE, LLC<br>CFP ANCHOR B SPE, LLC<br>CFP CORNMAN TOLTEC SPE, LLC<br>CFP GESS SPE LLC<br>CFP GRAMERCY SPE, LLC<br>FIESTA STONERIDGE, LLC<br>FOX HILLS SPE, LLC<br>HFAH MONACO SPE, LLC<br>HUNTSVILLE SPE LLC<br>LAKE HELEN PARTNERS SPE LLC<br>OCEAN ATLANTIC SPE LLC<br>SHAMROCK SPE LLC<br>10-90 SPE, LLC<br><br>            Debtors.<br><br>■  Affects All Debtors<br>☐  Affects Only _____ | Chapter 11<br>   (Jointly Administered under)<br>Case No. BK-S-09-32824-RCJ<br>   BK-S-09-32831-RCJ<br>   BK-S-09-32839-RCJ<br>   BK-S-09-32843-RCJ<br>   BK-S-09-32844-RCJ<br>   BK-S-09-32846-RCJ<br>   BK-S-09-32849-RCJ<br>   BK-S-09-32851-RCJ<br>   BK-S-09-32853-RCJ<br>   BK-S-09-32868-RCJ<br>   BK-S-09-32873-RCJ<br>   BK-S-09-32875-RCJ<br>   BK-S-09-32878-RCJ<br>   BK-S-09-32880-RCJ<br>   BK-S-09-32882-RCJ<br><br>**NUNC PRO TUNC ORDER CONVERTING CHAPTER 11 CASES TO CHAPTER 7 CASES**<br><br>Hearing Time:    January 19, 2010<br>Hearing Time:    3:30 pm |

For all the reasons set forth on the record at the hearing held on January 19, 2010, including the reasons set forth in the Motion for Order Converting Cases to Chapter 7, or, Alternatively, for the Appointment of a Trustee [Doc. #136] and in Certain Direct Lenders' Reply Brief in Support of Their Motion for Order Converting Cases to Chapter 7, or, Alternatively, for the Appointment of a Trustee [Doc. #275], the Court finds that cause exists under 11 U.S.C § 1112(b) for the above-captioned Chapter 11 cases to be converted into Chapter 7 cases. Accordingly,

IT IS ORDERED THAT the above-captioned Chapter 11 cases are hereby converted into Chapter 7 cases, effective as of January 19, 2010.

IT IS FURTHER ORDERED THAT a Chapter 7 Trustee shall be appointed forthwith by the Office of the United States Trustee, Region 11 to take immediate control over Debtor Asset Resolution LLC's ("Asset Resolution") estate, including any loan servicing rights it purports to hold as well as its role as managing member of each of the 14 special purpose entity Debtors ("14 SPE Debtors"), its fractional beneficial loan interests, its control over funds being held in trust for the direct lenders, and its claims pending before the undersigned United States District Judge in both the action styled *3685 San Fernando Lenders, LLC, et al. v. Compass USA SPE, LLC, et al.*, Case No. 2:07-cv-00892-RCJ-GWF ("892 Case") as well as the adversary complaint styled *Complaint for Declaratory Relief* ("Adversary Case").

IT IS FURTHER ORDERED THAT the Chapter 7 Trustee has no authority to operate Asset Resolution's loan servicing business, including any loan servicing rights arising under those certain Loan Servicing Agreements ("LSAs") originally entered into by the direct lenders with USA Commercial Mortgage Company ("USACM"). Nor does the Chapter 7 Trustee have any authority to operate the 14 SPE Debtors as their managing member.

Instead, pursuant to separate order issued by the undersigned United States District Judge in the 892 Case on January 21, 2010, those loan servicing rights, including the purported right of Asset Resolution to be the managing member of the 14 SPE Debtors, have been properly terminated by the direct lenders and do not constitute property of Asset Resolution's estate. As a result, the Chapter 7 Trustee shall be placed in temporary nominal control of the 14 SPE Debtors as well as each of the outstanding loans originated by USACM for which Asset Resolution purported to hold

the loan servicing rights (the "Loans"), subject to: (i) the "51% Rule" under Nevada law, pursuant to which 51% or more of the direct lenders in each of the 14 SPE Debtors and in each of the Loans may notify the Chapter 7 Trustee regarding how they want to proceed with the management and direction of each of the 14 SPE Debtors and each of those Loans (*e.g.*, the retention of a new loan servicer, the lack of any loan servicer, the conveyance of title, etc.); and (ii) further order of the Court. In other words, for example, if 51% or more of the direct lenders in a Loan vote in favor of retaining a new loan servicer pursuant to new loan servicing terms and conditions, the Chapter 7 Trustee, upon the approval of the Court, shall transfer control of that Loan to that new loan servicer in accordance with the directive from the majority of the direct lenders in that Loan. In the event that 51% or more of the direct lenders in any of the 14 SPE Debtors or Loans cannot agree on the management and direction of any of the 14 SPE Debtors or Loans, an immediate hearing before the undersigned United States District Judge shall be convened to address and resolve the management and direction of any such 14 SPE Debtors or Loans .

Janet L. Chubb, Esq. of Jones Vargas is tasked with identifying how 51% or more of the direct lenders in each of the 14 SPE Debtors and Loans intend to proceed with the management and direction of those 14 SPE Debtors and Loans. Ms. Chubb is expressly authorized to solicit the vote of 51% or more of the direct lenders in each of the 14 SPE Debtors and Loans. Pursuant to separate order to be issued by the undersigned United States District Judge in the 892 Case, the Preliminary Injunction entered on November 6, 2007, precluding the direct lenders from communicating with borrowers or otherwise interfering with the loan servicer under the LSAs will be vacated. In her discretion, Ms. Chubb will ensure that such votes are properly undertaken and recorded, and will communicate the results of those votes to the Chapter 7 Trustee.

IT IS FURTHER ORDERED THAT, in connection with the determination of how 51% or more of the direct lenders in each of the 14 SPE Debtors and Loans intend to proceed with the management and direction of those 14 SPE Debtors and Loans, the Chapter 7 Trustee is authorized to vote the fractional beneficial loan interests held by Asset Resolution in those 14 SPE Debtors and Loans.

1   IT IS FURTHER ORDERED THAT the Chapter 7 Trustee, as a fiduciary for the direct lenders, shall take legal, but not beneficial, title to the funds that were previously being held by Asset Resolution in trust for the direct lenders. Asset Resolution and the 14 SPE Debtors shall cooperate with the Chapter 7 Trustee to effectuate the immediate transfer of control over such funds to the Chapter 7 Trustee. Pursuant to further order of the Court, the Chapter 7 Trustee shall disburse those funds that were previously being held by Asset Resolution in trust for the direct lenders in accordance with the summary judgment Order entered by the undersigned United States District Judge in the 892 Case on September 18, 2009, and without prejudice to the rights of third parties to assert claims (such as for Prepaid Interest) at the time that an order for distribution is sought. The Chapter 7 Trustee is also authorized to perform an accounting of those funds that were previously being held by Asset Resolution in trust for the direct lenders, and investigate and pursue the recovery of any improper or unwarranted transfers of those funds by Asset Resolution and the 14 SPE Debtors.

IT IS FURTHER ORDERED THAT the Chapter 7 Trustee shall, in its discretion and subject to the approval of the Court, evaluate, prosecute, resolve, and/or compromise the affirmative claims for relief filed by Asset Resolution in the 892 Case and the Adversary Case.

IT IS FURTHER ORDERED THAT the interim order approving $1 million in debtor in possession financing is hereby revoked [Doc. #255].

IT IS FURTHER ORDERED THAT Asset Resolution's and the 14 SPE Debtors' Application for Order Extending Debtors' Exclusive Periods to File Plan and Solicit Acceptances Thereto pursuant to 11 U.S.C. § 1121(d) [Doc. #263] is DENIED as moot.

IT IS FURTHER ORDERED THAT the Application of the Official Committee of Unsecured Creditors of Asset Resolution LLC, et al. for an Order Authorizing the Retention of NachmanHaysBrownstein, Inc. as its Financial Advisors, *Nunc Pro Tunc*, as of November 25, 2009 [Doc. #109] is DENIED as moot. As a result, no request to compensate NachmanHaysBrownstein, Inc. for any services rendered since November 25, 2009, shall be entertained.

1   In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

2   ___   The court has waived the requirement of approval under LR 9021.

3   ✓   This is a Chapter 11 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

ORDER

I IT IS SO ORDERED, NUNC PRO TUNC 01/19/2010, 3:30 P.M.

DATED: This 27th day of January, 2010.

_____
Robert C. Jones
United States District Judge

### ### ###