1  Barry S. Glaser (State Bar No. 70968)
   bglaser@swjlaw.com
2  James M. Gilbert (State Bar No. 150406)
   jgilbert@swjlaw.com
3  **STECKBAUER WEINHART JAFFE, LLP**
   333 S. Hope Street, 36th Floor
4  Los Angeles, California 90071
   Telephone: (213) 229-2868
5  Facsimile: (213) 229-2870

6  Attorneys for Los Angeles County Tax Collector

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                         **DISTRICT OF NEVADA**
9

| In re | CASE NO. BK-S-09-32824-RCJ (Lead Case) |
|---|---|
| Asset Resolution, LLC, | Jointly Administered With Case Nos,: BK-S-09-32831-RCJ; BK-S-09-32839-RCJ; BK-S-09-32843-RCJ; BK-S-09-32844-RCJ; BK-S-09-32846-RCJ; BK-S-09-32849-RCJ; BK-S-09-32851-RCJ; BK-S-09-32853-RCJ; BK-S-09-32868-RCJ; BK-S-09-32873-RCJ; BK-S-09-32875-RCJ; BK-S-09-32878-RCJ; BK-S-09-32880-RCJ; BK-S-09-32882-RCJ |
| Debtor. | |

15                                          Chapter 7

16  ☐  Affects all Debtors          **LOS ANGELES COUNTY TAX
                                     COLLECTOR'S REPLY TO TRUSTEE'S**
17  ☒  Affects the following Debtor(s):  **OPPOSITION TO MOTION (1) TO
    ☒  Asset Resolution, LLC, 09-32824  DISMISS DEBTOR'S BANKRUPTCY**
18  ☐  Bundy 2.5 Million SPE, LLC, 09-32831  **CASE PURSUANT TO 11 U.S.C. § 707(a);
    ☐  Bundy Five Million SPE, LLC, 09-32839  OR, IN THE ALTERNATIVE, (2) FOR**
19  ☐  CFP Anchor B SPE, LLC, 09-32842  **RELIEF FROM THE AUTOMATIC STAY
    ☐  CFP Cornman Toltec SPE, LLC, 09-32846  PURSUANT TO 362(b)(18);**
20  ☐  CFP Gess SPE LLC, 09-32846    **DECLARATION OF BARRY S. GLASER
    ☐  CFP Gramercy SPE, LLC, 09-32849  IN SUPPORT THEREOF**
21  ☐  Fiesta Stoneridge, LLC, 09-32851
    ☐  Fox Hills SPE, LLC, 09-32853   Hearing Date:
22  ☐  HFAH Monaco SPE LLC, 09-32868  Date:  December 16, 2010
    ☐  Huntsville SPE LLC, 09-32873   Time:  9:00 a.m.
23  ☐  Lake Helen Partners SPE LLC, 09-32875  Place:  RCJ - Courtroom 6
    ☐  Ocean Atlantic SPE LLC, 09-32878      Bruce R. Thompson Federal Building
24  ☐  Shamrock SPE LLC, 09-32880       400 S. Virginia Street
    ☐  10-90 SPE, LLC, 09-32882        Reno, NV 89501
25                                              AND
                                        RCJ - Courtroom 7D
26                                      Lloyd D. George Courthouse
                                        333 Las Vegas Blvd. South
27                                      Las Vegas, NV 89101
                                        Judge: Hon. Robert C. Jones
28

20002.036/64176.1

## I.    __INTRODUCTION__

The Trustee attempts to avoid responsibility for his failure to pay post-petition *ad velorem* real property taxes by opposing the relief sought herein.  First, the Trustee claims the Debtors have no ownership interest in the subject real properties, despite statements directly to the contrary in the Debtors' schedules.  If Trustee's claims are accurate, a comfort order by this Court is appropriate, setting forth that the subject real properties are not owned by the estates, the automatic stay is inapplicable and that the Los Angeles County Tax Collector ("County") is entitled to pursue state court remedies regarding the collection of the *ad valorem* taxes, penalties and interest.  If the Court makes the initial determination and the subject real properties are, in fact, the assets of  the Debtors' estate, then it will be necessary for this Court to consider the appropriate relief sought herein by the County.

Second, several of the subject real properties have tax defaulted since 2006 and may be subject to a tax sale in 2011.

Third, as a result of the Trustee's failure to pay post-petition *ad valorem* real property taxes on the subject real properties, the County has established grounds for this Court to either dismiss the related bankruptcy cases or grant the County relief from stay to pursue all of its state court enforcement / collection remedies.

## II.    __TRUSTEE'S CLAIM THAT DEBTORS DO NOT HAVE AN OWNERSHIP INTEREST IN THE SUBJECT REAL PROPERTIES IS DIRECTLY CONTRADICTED BY DEBTORS' OWN SCHEDULES FILED IN CONNECTION WITH THIS BANKRUPTCY__

The Trustee claims in his Opposition that:

> "…neither the Trustee nor the bankruptcy estates own the properties at issue.  The bankruptcy estate holds a Direct Lender interest in these properties, and is a secured creditor with security interests in the properties – just like the L.A. Tax Collector.  The Trustee is not the party responsible for making the delinquent tax payments, and thus the statutory provisions rotely recited by the L.A. Tax Collector are largely irrelevant."  Opposition, p. 2, lines 22-26.

STECKBAUER WEINHART JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1    The Debtors' Schedules, filed in connection with this bankruptcy,

2  directly contradict the Trustee's claims. Specifically, Schedule "A" [Real

3  Property] contains a chart (Schedule A-1-1 Real Property (ARC)) identifying a

4  series of real properties. One of the columns in Schedule A-1-1 is entitled

5  "Nature of Debtor's Interest in Property." With respect to the two real properties

6  at issue here (Castaic II and Castaic III), "Nature of Debtor's Interest in Property

7  column in Schedule A-1-1 lists the following: "1.60% fee simple and 7.59% fee

8  simple." [See Declaration of Barry S. Glaser attached hereto, Ex. "1"]. Thus,

9  contrary to Trustee's claims in his Opposition, the Debtors do appear to claim a

10  fee simple interest in the subject real properties and are not merely secured

11  creditors as the Trustee claims. Furthermore, the Debtors identified the Los

12  Angeles County Treasurer as a Creditor in Schedule "F." (The County should

13  have been listed as a secured creditor).

14    However, despite the Schedules, if the Court agrees with the Trustee that

15  Debtors have no ownership interest in the subject real properties, the County

16  respectfully seeks a comfort order confirming that Debtors have no interest in

17  the subject real properties, that the automatic stay is inapplicable to the subject

18  properties, and that the Los Angeles County Tax Collector is free to seek all

19  applicable state court remedies to enforce its tax liens against the subject real

20  properties.

21  **III.  SEVERAL OF THE SUBJECT REAL PROPERTIES HAVE BEEN IN**
22      **DEFAULT WITH RESPECT TO PROPERTY TAXES SINCE TAX YEAR**
        **2005 AND ARE SUBJECT TO A TAX SALE IN 2011**

23    Exhibit "D" to the Declaration of Barry S. Glaser in support of the instant motion

24  attaches the tax bills for the subject real properties. Ignoring the Castaic properties,

25  several of the subject real properties (i.e. Castaic II and Castaic III) were tax defaulted in

26  2006 for unpaid *ad valorem* taxes from 2005. Thus, the County could conduct a tax sale

27  / / /

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL (213) 229-2868 • FAX (213) 229-2870

1    of these properties in 2011. As such, and contrary to the Trustee's position in the

2    Opposition, this issue is ripe for decision now.

3    **IV.    THE COURT SHOULD GRANT RELIEF FROM STAY SO THAT THE
         COUNTY CAN PURSUE THE ENFORCEMENT OF ITS TAX LIENS**

4    **UNDER APPLICABLE STATE LAW**

5         If it is true that, as the Trustee contends in his Opposition, but contrary to the

6    Debtors' schedules, that the Debtors have no ownership interest in the subject properties,

7    then the subject properties are not necessary for the liquidation of the Debtors' assets and

8    distribution to creditors and relief should be granted.

9         Here, contrary to the Trustee's contention, the County is not relying on Section

10   362(b)(18) to collect property taxes or foreclose upon the subject properties and the

11   County does not dispute that such liens have been created post-petition. What is required

12   to obtain the relief sought is simply sufficient "cause" in the circumstances of this case.

13   Courts have construed the failure to pay post-petition taxes, by itself, can constitute cause

14   under Section 362(d)(1). See Ellis v. Par (In re: Ellis), 60 B.R. 432, 435 (B.A.P. 9th Cir.

15   1995). As such, relief from stay should be granted.

16   **V.    THE LOS ANGELES COUNTY TAX COLLECTOR HAS GOOD CAUSE
         TO DISMISS THE BANKRUPTCY AS A RESULT OF THE TRUSTEE'S**

17   **FAILURE TO PAY POST PETITION PROPERTY TAXES**

18        The Trustee goes on, at length, to allege that the Los Angeles County Tax

19   Collector is attempting to convince this Court to favor one creditor over the others, but

20   the fact remains that the Trustee has an affirmative duty to pay post-petition property tax

21   obligations of the Debtors in the ordinary course of business. The consequences of the

22   Trustee's failure to pay such post-petition property taxes are not contemplated by the

23   Bankruptcy Code in a Chapter 7 proceeding, nor in any of the authorities cited by the

24   Trustee in his Opposition to allegedly address the first element of the two part test in In re

25   Padilla, 222 F.3d 1184, 1191 (9th Cir. 2000).

26   ///

27   ///

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA, 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

1   The County's asserted cause for seeking dismissal of the Debtor's bankruptcy

2   case is not about bankruptcy priority, or any attempt by the County to seek to reorder

3   payment priority. The Trustee's reliance on the priority scheme and Section 507 is

4   irrelevant and is merely an attempt to confuse the Court.

5   Similarly, the Trustee's reliance on Section 502(i) is also misleading because that

6   statute deals specifically with a tax entitled to priority under Section 507(a)(8), which is

7   an unsecured priority claim. Thus, the County's secured claim does not fall within

8   Section 507(a)(8) and Section 502(i) is likewise irrelevant.

9   **VI.    THE TRUSTEE'S PREJUDICE ARGUMENT IS UNPERSUASIVE**

10   The Trustee argues in his Opposition that if the bankruptcy case is dismissed,

11   there would be prejudice, citing as examples, a "torrent" of foreclosures and forced sales.

12   The court in the case of In re Hickman, 384 B.R. 832, 841 (B.A.P. 9th Cir. 2008), cited by

13   the Trustee in his Opposition, recognized that:

14   > "A debtor invoking the protection of the Bankruptcy Code must shoulder
15   > the responsibilities attendant to this protection, including accounting for
16   > assets and completing schedules in good faith, and may not engage in
       > questionable or fraudulent conduct and then expect to have the case
       > dismissed once such conduct is discovered." Id. at 841.

17   Similarly, the Trustee in the instant case may not refuse to pay post-petition

18   property taxes, as it is obligated to do pursuant to 28 U.S.C. §960, and then attempt to

19   avoid responsibility for his conduct by claiming prejudice.

20   **VII.   CONCLUSION**

21   Based upon the foregoing, the Los Angeles County Tax Collector respectfully

22   requests that the Court grant the relief requested in its Motion.

23   Dated: December 9, 2010          **STECKBAUER WEINHART JAFFE, LLP**

24

25                                  By:   /s/ Barry S. Glaser

26                                        Barry S. Glaser
                                          James M. Gilbert
27                                  Attorneys for the Los Angeles County Tax Collector

28

STECKBAUER
WEINHART
JAFFE, LLP

333 S. HOPE STREET, 36TH FLOOR, LOS ANGELES, CALIFORNIA 90071
TEL. (213) 229-2868 • FAX (213) 229-2870

## DECLARATION OF BARRY S. GLASER

I, Barry S. Glaser, declare:

1.    I am an attorney duly admitted to practice before this Court on a pro hac vice basis. I am a partner with law firm of Steckbauer Weinhart Jaffe, LLP, attorneys of record for the Los Angeles County Tax Collector (the "County"). I submit this Declaration in support of the Reply to the Opposition to the Motion to (1) Dismiss Debtor's Bankruptcy Case Pursuant to 11 U.S.C. § 707(a); or in the alternative, (2) for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(b)(18) (the "Motion"). If called as a witness, I could and would competently testify to all set forth herein facts within my personal knowledge except where stated upon information and belief.

2.    For the Court's convenience, attached hereto as Exhibit "1" is a true and correct copy of the first three (3) pages Debtors' Summary of Schedules, Schedule A – Real Property and Schedule A-1-1 Real Property (ARC) which Debtors filed in this bankruptcy while it was pending in the Southern District of New York. On Schedule A-1-1, I handwrote brackets around the two relevant sections in Schedule A-1-1 by which Debtors stated they held a fee simple interest in the subject real properties.

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed December 9, 2010, at Los Angeles, California.

/s/ Barry S. Glaser
Barry S. Glaser

**EXHIBIT "1"**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re    **Asset Resolution LLC**
_____
Debtor

Case No. ___09-16142 (AJG)___

Chapter _____11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 10,641,166.25 | | |
| B - Personal Property | Yes | 4 | 412,856,836.70 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 379 | | 22,642,531.77 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 497 | | | |
| | | Total Assets | 423,498,002.95 | | |
| | | | Total Liabilities | 22,642,531.77 | |

B6A (Official Form 6A) (12/07)

In re    **Asset Resolution LLC**                                    Case No. _____

_____
                Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **See Attached Schedules A-1-1** | | - | **10,641,166.25** | **0.00** |

| | Sub-Total > | **10,641,166.25** | (Total of this page) |
|---|---|---|---|
| | Total > | **10,641,166.25** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

## SCHEDULE A - 1-1   REAL PROPERTY (ARC)

| DEBTOR or ENTITY | DESCRIPTION OF INTEREST IN PROPERTY | PROPERTY NAME | DEBTOR'S PERCENTAGE INTEREST | VALUE OF DEBTOR'S INTEREST | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|---|
| Asset Resolution LLC | residential land development located in Paso Robles, CA | Oak Shores II | 0.04% fee simple | $1,459.18 | $0.00 |
| | residential land development located in Riverbank, CA | Bar USA/$15,300,000 | 0.07% fee simple | $2,875.82 | $0.00 |
| | residential land development located in Casa Grande, AZ | Corriman Toltec /160, LLC | 0.08% fee simple | $1,242.35 | $0.00 |
| | residential land development located in Los Banos, CA | Foxhill 216, LLC | 0.10% fee simple | $3,665.13 | $0.00 |
| | residential land development located in West Palm Beach, FL | HFA Cap'l Lake 2nd | 0.29% fee simple | $10,858.10 | $0.00 |
| | residential land development located in Livingston, CA | Del Valle Johnston | 0.67% fee simple | $2,579.29 | $0.00 |
| | residential land development located in Murrieta, CA | Bundy Canyon $5,000,000 | 0.71% fee simple | $2,763.43 | $0.00 |
| | residential land development located in Murrieta, CA | Fiesta Murrieta | 1.46% fee simple | $24,004.01 | $0.00 |
| | residential land development located in Castaic, CA | Cestac Partners III, LLC | 1.60% fee simple | $38,764.64 | $0.00 |
| | condo conversion located in Amesbury, MA | Amesbury/Hatteras Point | 1.95% fee simple | $113,085.19 | $0.00 |
| | residential land development located in Huntsville, TX | Huntsville | 4.77% maximum right | $205,599.75 | $0.00 |
| | residential land development located in Tracy, CA | Mountain House Business Park | 5.33% fee simple | $14,919.59 | $0.00 |
| | land to be developed into residential timeshares located in Orlando, FL | The Gardens, LLC $2,425,000 | 5.53% fee simple | $567,862.50 | $0.00 |
| | residential condo development located in Palm Harbor, FL | Palm Harbor One | 5.60% fee simple | $88,090.91 | $0.00 |
| | grocery-anchored retail located in Ann Arbor, MI | Harbor Georgetown | 5.80% fee simple | $272,531.25 | $0.00 |
| | residential land development located in Castaic, CA | Cestac Partners II, LLC | 7.59% fee simple | $405,568.64 | $0.00 |
| | residential land development located in Los Banos, CA | Eagle Meadows Development | 11.76% fee simple | $2,000,000.00 | $0.00 |
| | residential condo development located in Houston, TX | Grimmersy Court Condos | 13.10% fee simple | $131,810.50 | $0.00 |
| | residential land development located in Yorkville, IL | Ocean Atlantic $5,425,000 | 14.61% fee simple | $603,691.28 | $0.00 |
| | medical office building located in Indianapolis, IN | Binford Medical Developers | 17.25% fee simple | $139,650.00 | $0.00 |
| | residential land development located in Satellite Beach, FL | ConVest Capital | 17.82% fee simple | $1,469,092.08 | $0.00 |
| | residential land development located in San Luis Obispo, CA | Margarita Annex | 24.42% fee simple | $519,216.96 | $0.00 |
| | residential land development located in Lake Helen, FL | Lake Helen Partners | 28.84% fee simple | $202,556.10 | $0.00 |
| | residential timeshare units located in Orlando, FL | The Gardens, LLC Timeshare | 31.05% fee simple | $2,000,000.00 | $0.00 |
| | residential land development located in Mattison, FL | Brookmere/Mattison $27,050,000 | 33.88% fee simple | $2,000,000.00 | $0.00 |
| | land development - hotel located in Fort Myers, FL | HFA/Monaco | 100.00% fee simple | $2,000,000.00 | $0.00 |
| | land to be developed into residential timeshares located in Orlando, FL | The Gardens Phase II | 100.00% fee simple | $500,000.00 | $0.00 |
| | residential land development located in Athens, OH | University Estates | 100.00% fee simple | $1,000,000.00 | $0.00 |

FOOTNOTES