SULLIVAN, HILL, LEWIN, REZ & ENGEL  **Electronically Filed: September 10, 2012**
A Professional Law Corporation
  James P. Hill, CA SBN 90478 (Pro Hac Vice)
  Jonathan S. Dabbieri, CA SBN 91963 (Pro Hac Vice)
  Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor
Las Vegas, NV 89101
Telephone: (702) 382-6440
Fax Number: (702) 384-9102

Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>            Debtor.<br><br>Affects:<br>☐ All Debtors<br>☒ Asset Resolution, LLC, 09-32824<br>☐ Bundy 2.5 Million SPE, LLC, 09-32831<br>☐ Bundy Five Million SPE, LLC, 09-32839<br>☐ CFP Anchor B SPE, LLC, 09-32843<br>☐ CFP Cornman Toltec SPE, LLC, 09-32844<br>☐ CFP Gess SPE LLC, 09-32846<br>☐ CFP Gramercy SPE, LLC, 09-32849<br>☐ Fiesta Stoneridge, LLC, 09-32851<br>☐ Fox Hills SPE, LLC, 09-32853<br>☐ HFAH Monaco SPE LLC, 09-32868<br>☐ Huntsville SPE LLC, 09-32873<br>☐ Lake Helen Partners SPE LLC, 09-32875<br>☐ Ocean Atlantic SPE LLC, 09-32878<br>☐ Shamrock SPE LLC, 09-32880<br>☐ 10-90 SPE, LLC, 09-32882 | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br><br>**STATEMENT BY CHAPTER 7 TRUSTEE IN OPPOSITION TO MIDLAND'S MOTION FOR RELIEF FROM STAY AND IN SUPPORT OF INJUNCTION UNDER § 105**<br><br>Date: September 17, 2012<br>Time: 9:00 a.m.<br>Ctrm:  RCJ-Courtroom 6<br>          Bruce R. Thompson Federal Building<br>          400 S. Virginia Street<br>          Reno, NV 89501<br>              AND<br>          RCJ-Courtroom – TBD<br>          Lloyd D. George Courthouse<br>          333 Las Vegas Blvd., South<br>          Las Vegas, NV 89101<br>Judge: Hon. Robert C. Jones |

/ / /

/ / /

343672-v1                                                         - 1 -
STATEMENT BY CHAPTER 7 TRUSTEE IN OPPOSITION TO MIDLAND'S MOTION FOR RELIEF FROM STAY

William A. Leonard, Jr., chapter 7 trustee, submits the following:

## I.

### THE TRUSTEE SUPPORTS CONTINUATION OF THE AUTOMATIC STAY

The ARC bankruptcy estate holds approximately 24.42% of the beneficial interest in the Margarita Annex loan. Accordingly, the estate has a direct and significant financial interest in the determination of the seniority of the direct lender trust deed over any purported interest held by Midland. Because the estate holds a direct interest in the direct lender trust deed, which Midland claims its rights are senior to, any action by Midland to enforce its rights under a claim of priority over the direct lender trust deed constitutes a violation of the automatic stay.

Similarly, any claim by Midland that its interest is senior to the absolute priority granted Silar in conjunction with its protective advance directly impacts the estate and the value of its ownership interests. Resolution of this issue may affect the ability of the direct lenders in other loans to obtain protective advances, as the protections to Silar and to the direct lenders' interests will be affected by the court's rulings on this matter. Clearly this Court is best situated to determine the relative priorities of these competing encumbrances, given its familiarity with the underlying documents and the fact that interpretation of this Court's order granting the estate's motion to obtain post-petition financing through the Silar protective advance will be necessary.

The trustee notes it is unusual that a borrower such as Mr. King would make substantial efforts to obtain the expungement of the *lis pendens*, including prosecuting an appeal from an adverse trial court judgment, only to decide after that victory to stipulate to the continuation of the *lis pendens*. The estate is concerned that the parties to that agreement reached it, at least in part, to lessen the value of the direct lenders' trust deed interest.

Because Mr. McGrane and his firm have filed a motion to be relieved as counsel, the estate also considers it important to insure that Ms. Cangelosi has sufficient time to obtain new counsel to protect the interests of the direct lenders. Continuation of the stay and an issuance of an injunction will facilitate that.

/ / /

/ / /

## II.

## CONCLUSION

It is requested the court continue the automatic stay and that it enjoin Midland from continuing to prosecute the action pending before the Bankruptcy Court for the Central District of California, unless and until that action is transferred to this Court.

Dated: September 10, 2012

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By: _____*/s/ Jonathan S. Dabbieri*_____
James P. Hill (Pro Hac Vice)
Jonathan S. Dabbieri (Pro Hac Vice)
Elizabeth E. Stephens
Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.