JOHN H. MOWBRAY (NV Bar No. 1140)
CRAIG S. DUNLAP (NV Bar No. 4974)
FENNEMORE CRAIG JONES VARGAS
300 South Fourth Street, Suite 1400
Las Vegas, Nevada 89101-6021
Telephone: 702.692.8000
Facsimile: 702.692.8061
E-Mail: jmowbray@fclaw.com
cdunlap@fclaw.com

JOHN A. MOE, II (*admitted pro hac vice*)
MCKENNA LONG & ALDRIDGE LLP
300 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: 213.688.1000
Facsimile: 213.452.8039
E-Mail: jmoe@mckennalong.com

Attorneys for Midland Pacific Building Corporation

E-Filed July 26, 2013

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re ASSET RESOLUTION, LLC<br><br>Debtor.<br><br>Affects:<br>☒ All Debtors<br>☐ Asset Resolution, LLC, 09-32824<br>☐ Bundy 2.5 Million SPE, LLC, 09-32831<br>☐ Bundy Five Million SPE, LLC, 09-32839<br>☐ CFP Anchor B SPE, LLC, 09-32843<br>☐ CFP Cornman Toltec SPE, LLC, 09-32844<br>☐ CFP Gess SPE LLC, 09-32846<br>☐ CFP Gramercy SPE, LLC, 09-32849<br>☐ Fiesta Stoneridge, LLC, 09-32851<br>☐ Fox Hills SPE, LLC, 09-32853<br>☐ HFAH Monaco SPE LLC, 09-32868<br>☐ Huntsville SPE LLC, 09-32873<br>☐ Lake Helen Partners SPE LLC, 09-32875<br>☐ Ocean Atlantic SPE LLC, 09-32878<br>☐ Shamrock SPE LLC, 09-32880<br>☐ 10-90 SPE, LLC, 09-32882 | CHAPTER 7<br><br>CASE NO. BK-S-09-32824-RCJ<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ;<br><br>**MIDLAND PACIFIC BUILDING CORPORATION'S OPPOSITION TO DONNA CANGELOSI'S MOTION FOR NEW TRIAL UNDER FRBP 9023, FOR SUPPLEMENTAL FINDINGS AND CONCLUSIONS UNDER FRBP 7052 AND FOR STANDARD FRBP 8005 WITH RESPECT TO ORDER GRANTING MIDLAND PACIFIC BUILDING CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>DATE: N/A<br>TIME: N/A<br>CTRM: Courtroom 7D |

Midland Pacific Building Corporation ("Midland Pacific") opposes Donna Cangelosi's ("Cangelosi") motion for a "new trial" on entry of this Court's Order [Document No. 2125] giving Midland Pacific relief from the automatic stay so that Midland Pacific and Cangelosi can litigate their claims in the San Luis Obispo Superior Court.

Cangelosi's Motion is really an attempt to litigate anew Cangelosi's two ill-conceived Complaints (Adversary Proceedings 12-01145 and 12-01184), both of which the Court dismissed in Orders entered April 13, 2013 [Document No. 84, Case No. 12-01145, and 43, Case No. 01184], which *also* directed Cangelosi to the San Luis Obispo Superior Court. ***The time to seek a "new trial" on the <u>only</u> Complaints Cangelosi ever filed in these proceedings has long ago expired.***

All of the arguments Cangelosi makes in her motion for "new trial," already have been made and rejected by this Court, after every argument was fully briefed in more than 24 pleadings[1] filed by both parties.

In regard to two new procedural arguments, Cangelosi makes the unfounded assertion that the Court must issue findings of fact and conclusions of law on Midland Pacific's Motion For Relief From The Automatic Stay, citing the Court to Federal Rule of Civil Procedure 52(a).[2] *Cangelosi ignores Federal Rule of Civil Procedure 52(a)(3), which specifically states that no findings of fact and conclusions of law are required on motions:*

> ***For a Motion***.  <u>The Court is not required to state findings or conclusions for rulings</u> on a motion under Rule 12 or 56 or, unless these rules provide otherwise, <u>on any other motion</u>. [Emphasis added.]

---

[1] Those pleadings include Midland Pacific Building Corporation's Response And Opposition To Donna Cangelosi' Supplement Attempting To Limit Midland Pacific Building Corporation's Motion For Relief From The Automatic Stay [Document No. 2076] and Midland Pacific Building Corporation's Response To Donna Cangelosi' Reply To Midland Pacific Building Corporation's In Opposition To Cangelosi's Supplement Regarding Midland Pacific Building Corporation's Motion For Relief From The Automatic Stay [Document No. 2100], which Responses refute the arguments made by Cangelosi in her motion for "new trial."

[2] Cangelosi also cites the Court to *Weitzman v. Stein*, 897 F.2d 653 (2nd Cir. 1990), which does *not* support Cangelosi's argument that findings of fact and conclusions of law are required when deciding a Motion For Relief From Automatic Stay. The *Weitzman* Case has nothing to do with bankruptcy or a Motion For Relief From Stay.

1     Equally unfounded is Cangelosi's argument that Motions For Relief From Automatic Stay must have a hearing. It is routine practice throughout the United States for Bankruptcy Courts to take Motions For Relief From Stay under submission and make decisions based on the pleadings before the Court.

    This Court should reject Cangelosi's attempt to overturn the Orders this Court has entered.

    Midland Pacific already has lodged on July 17, 2013, in the Superior Court, this Court's Order giving Midland Pacific relief from the automatic stay, so that the parties may proceed there.[3]

Dated: July 26, 2013        Respectfully submitted,

                        FENNEMORE CRAIG JONES VARGAS
                        and
                        MCKENNA LONG & ALDRIDGE LLP

                        By: /s/ Craig S. Dunlap
                            Craig S. Dunlap
                            Attorneys for **MIDLAND PACIFIC BUILDING CORPORATION**

---

[3] As this Court is aware from the pleadings filed by Midland Pacific, Cangelosi has filed a Motion To Intervene in the San Luis Obispo Superior Court. The Court already has issued a Tentative Ruling, granting Cangelosi's Motion To Intervene, but the Court was stayed from actually entering that Order because the automatic stay was still in place.

8347879.1/031869.0001