**THE MAJORIE FIRM LTD.**                                    E-Filed: August 5, 2013

Francis B. Majorie PC
*Pro Hac Vice* (Per Bk Dkt. 1915 ¶ 153)
3514 Cedar Springs Road
Dallas, Texas 75219
Telephone: (214) 522-7400
Facsimile: (214) 522-7911

Attorneys for Donna Cangelosi, as TDI
Representative under an Order entered
by this Court on May 3, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>Debtor. | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7 |
| Affects:<br>☒ All Debtors<br>☐ Asset Resolution, LLC, 09-32824<br>☐ Bundy 2.5 Million SPE, LLC, 09-32831<br>☐ Bundy Five Million SPE, LLC, 09-32839<br>☐ CFP Anchor B SPE, LLC, 09-32843<br>☐ CFP Cornman Toltec SPE, LLC, 09-32844<br>☐ CFP Gess SPE LLC, 09-32846<br>☐ CFP Gramercy SPE, LLC, 09-32849<br>☐ Fiesta Stoneridge, LLC, 09-32851<br>☐ Fox Hills SPE, LLC, 09-32853<br>☐ HFAH Monaco SPE LLC, 09-32868<br>☐ Huntsville SPE LLC, 09-32873<br>☐ Lake Helen Partners SPE LLC, 09-32875<br>☐ Ocean Atlantic SPE LLC, 09-32878<br>☐ Shamrock SPE LLC, 09-32880<br>☐ 10-90 SPE, LLC, 09-32882 | **CANGELOSI'S REPLY TO MIDLAND PACIFIC BUILDING CORPORATION'S OPPOSITION TO CANGELOSI'S MOTION FOR RECONSIDERATION**<br><br>Date:   August 7, 2013<br>Time:   8:45 a.m.<br>Ctrm:   RCJ - Courtroom 4B<br>           Lloyd D. George Courthouse<br>           333 Las Vegas Blvd. South<br>           Las Vegas, NV 89101<br>Judge: Hon. Robert C. Jones |

TDI Representative Donna Cangelosi ("Cangelosi") replies to the opposition (Doc. 2162)(the "Midland Opposition") filed by Midland Pacific Building Corporation ("Midland") to Cangelosi's

- 1 -

Reply

motion for reconsideration (Doc. 2153)(the "Motion") of the Court's July 9, 2013 order lifting the automatic stay and for other relief (Doc. 2125), as follows:

I.

### CANGELOSI IS NOT SEEKING TO RELITIGATE THE TWO DISMISSED COMPLAINTS

Midland's Opposition asserts that Cangelosi's Motion represents an effort to re-litigate the issues raised by the two Complaints this Court dismissed without prejudice. That is incorrect. This Court declined to exercise jurisdiction over the two Complaints because the direct lender's slander of title claim is "wholly dependent upon Defendants' right to record the Lis Pendens" and this Court "will not interpose itself between the Superior Court and the Court of Appeals of the State of California" on that issue. Cangelosi does not ask to undermine that ruling in any way. In fact, Cangelosi agrees with Midland that the stay should be conditionally lifted to accommodate that ruling. The only issue left for the Court is to determine which conditions it should impose and why.

Issue has been drawn—and NOT ruled upon—with respect to those conditions. The motions presently before the Court ask it to rule on whether Midland has waived the right to seek specific performance and, if not, whether Midland should be permitted to pursue such a claim without depositing the cash necessary to cure Midland's monthly-payment defaults, to pay for the property if Midland succeeds in its specific performance claim, and to protect the direct lenders from being left with no sale of their collateral at all when the $13.5 million plus cash buyer has moved on to other properties due to the delays and Midland either loses its specific performance claim on the merits or decides that it cannot or does not want to purchase the property.

A resolution of these issues and the balance of equities implicated here are at the core of a section 362 motion. They do NOT require the Court to even consider—let alone rule upon—whether or not the direct lenders' slander of title claim has merit. **Indeed, the direct lenders are simply asking this Court to follow its practice in Gramercy and Gess and require would-be**

**purchasers of assets to prove their *bona fides* by showing that they have the money to undertake the transaction they purport to be pursuing.** Midland should be held to no less as it asks this Court to conditionally lift the stay in its favor.

## II.

## THE COURT MUST MAKE FINDINGS AND CONCLUSIONS

Midland's Opposition also asserts that this Court is not required to issue findings of fact and conclusions of law when ruling on the pending motion for relief from the automatic stay. *See* Doc. 2162 at 1/lines 13-15. Midland assertion is, quite simply, wrong. Contrary to Midland's assertion, when ruling upon a "contested matter" such as a motion for relief from the automatic stay, a bankruptcy court must make findings of fact, either orally on the record or in a written decision. *See* FED. R. BANKR. P. 9014(c) (incorporating FED. R. BANKR. P. 7052, which in turn incorporates FED. R. CIV. P. 52(a)). These findings must be sufficient to enable a reviewing court to determine the factual basis for the court's ruling. *Vance v. Am. Hawaii Cruises, Inc.*, 789 F.2d 790, 792 (9th Cir.1986). "[W]here such findings and conclusions are lacking, [a reviewing court] may vacate and remand." *Mazzeo v. Lennard (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999) (citations omitted).

These principles apply with particular force in the lift stay context. Courts have identified various factors relevant to determining whether to grant relief from the automatic stay to allow pending litigation to continue in another forum, including a set of twelve nonexclusive factors known as the "*Curtis* factors" or "*Sonnax* factors." *See Kronemyer v. American Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009); *Sonnax v. Tricomponent Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1995) (adopting "*Curtis* factors"). Where a bankruptcy court fails to "mention *Sonnax*, or any doctrinal framework, and it is unclear whether that court considered any of the *Sonnax* factors," the reviewing court should vacate and remand for further findings. *Mazzeo*, 167 F.3d at 143; *see also Sinatra v. Gucci (In re Gucci)*, 309 B.R. 679, 685 (S.D.N.Y. 2004) (vacating and remanding where, though the bankruptcy court's grant

of plaintiff's sought relief implicitly rejected defendant's defense of laches, that court did not discuss the defense or its elements); *B.N. Realty Assocs. v. Lichtenstein*, 238 B.R. 249, 253 (S.D.N.Y. 1999) (vacating and remanding because "[t]he issue of whether to lift the [automatic] stay requires a factual determination based on a number of factors which—according to the record of the proceedings below—was not undertaken"); *cf. In re Godt*, 282 B.R. 577, 584-585 (S.D.N.Y. 2002) (distinguishing the bankruptcy court's oral ruling from *Mazzeo* where "the Bankruptcy Court referred to the *Sonnax* factors and noted the relevant factors applicable to the motion"). Thus, the Court must enter findings and conclusions in writing or on the record to support its rulings on the issues raised by the parties' lift stay arguments.

### III.

### THE PARTIES STIPULATED TO A HEARING

Midland's Opposition also asserts that that the Court does not need to hold a hearing. This argument is now moot. The argument also ignores the fact that Midland STIPULATED there would be a hearing on the lift stay issues. *See* Doc. 1921 ("By their signatures below, Midland and Cangelosi stipulate to the entry of an order extending the automatic stay ***until the conclusion of the hearing on Midland's motion***")(bold added).

Reply

## IV.

## CONCLUSION

For the foregoing reasons and the reasons provide in her other papers and to be presented at the hearing, Cangelosi respectfully requests that the Court: (a) grant her motion to reconsider and vacate the July 9, 2103 Order; (b) lift the stay on the conditions requested by Cangelosi; and (c) grant Cangelosi and the direct lenders such other relief to which they prove entitled.

Dated: August 5, 2013
       Dallas, Texas

**THE MAJORIE FIRM LTD.**

/s/ Francis B. Majorie
Francis B. Majorie
3514 Cedar Springs Road
Dallas, Texas 75225
Telephone: (214) 522-7400
Facsimile: (214) 522-7911
fbmajorie@themajoriefirm.com

Attorneys for Donna Cangelosi, as TDI Representative under an Order entered by this Court on May 3, 202