1

2

3

4 **Entered on Docket**
**December 06, 2013**

5

6                    UNITED STATES BANKRUPTCY COURT
                           DISTRICT OF NEVADA

7  In re                                    ) Case No. BK-S-09-32824-RCJ (Lead Case)
                                            )
8  ASSET RESOLUTION, LLC,                    ) Jointly Administered with Case Nos.:
                                            ) BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;
         Debtor.                             ) BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;
9                                            ) BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;
                                            ) BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;
10                                           ) BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;
                                            ) BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;
11                                           ) BK-S-09-32880-RCJ; BK-S-09-32882-RCJ
                                            )
12 Affects:                                  ) Chapter 7
      ☐  All Debtors                         )
13    ☒  Asset Resolution, LLC, 09-32824     ) **ORDER GRANTING EX PARTE**
      ☐  Bundy 2.5 Million SPE, LLC, 09-32831 ) **APPLICATIONS TO SELL THE**
14    ☐  Bundy Five Million SPE, LLC, 09-32839 ) **MARGARITA ANNEX PROPERTY**
      ☐  CFP Anchor B SPE, LLC, 09-32843     ) **[DOC. 2349] AND TO SHORTEN TIME**
15    ☐  CFP Cornman Toltec SPE, LLC, 09-32844 ) **[DOC. 2353]**
      ☐  CFP Gess SPE LLC, 09-32846          )
16    ☐  CFP Gramercy SPE, LLC, 09-32849     )
      ☐  Fiesta Stoneridge, LLC, 09-32851    )
17    ☐  Fox Hills SPE, LLC, 09-32853        ) Date:  n/a
      ☐  HFAH Monaco SPE LLC, 09-32868       ) Time:  n/a
18    ☐  Huntsville SPE, LLC, 09-32873       ) Ctrm:  RCJ - Courtroom 6
      ☐  Lake Helen Partners SPE LLC, 09-32875 )        Bruce R. Thompson Federal Building
19    ☐  Ocean Atlantic SPE LLC, 09-32878    )        400 S. Virginia Street
      ☐  Shamrock SPE LLC, 09-32880          )        Reno, NV 89501
20    ☐  10-90 SPE, LLC, 09-32882            ) Judge:  Hon. Robert C. Jones
                                            )

21         The Court has considered the "Ex Parte Application By Trustee William A. Leonard, Jr.

22 And TDI Representative Donna M. Cangelosi For An Order Authorizing A Sale Of The

23 Margarita Annex Property Free And Clear Of Liens, Claims, And Encumbrances And For Other

24

                                        - 1 -

Relief" (the "Application") filed on December 5, 2013 [AR Bk Doc. 2349] by William A. Leonard, Jr. ("Trustee"), the chapter 7 trustee for the bankruptcy estate of Asset Resolution, LLC (the "Estate") and the above-captioned jointly administered bankruptcy cases (the "Bankruptcy Cases") and  Donna M. Cangelosi ("Cangelosi"), in her capacity as the TDI Representative for the Margarita Annex loan under this Court's May 3, 2012 order (the "Margarita TDI-PAL Order")[AR Bk Doc. 1774] for an order approving a sale of real property generally known as "Margarita Annex" (the "Property") and other relief. The Court has also considered the Ex Parte Application For Order Shortening Time regarding the Application [AR Bk Doc. 2353](the "Shortened Time Application").  After considering the Application, the declarations and exhibits submitted in support of the Application and the Shortened Time Application, the record, and the law, the Court finds that good cause exists for granting the Application and the Shortened Time Application and makes the following findings of fact, conclusions of law, and rulings:

**I.**

**JURISDICTION AND VENUE**

**A.    The Asset Resolution Bankruptcy Cases**

      1.    On October 14, 2009, Asset Resolution, LLC and related debtors commenced the Bankruptcy Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. Venue of the Bankruptcy Cases was subsequently transferred to the U.S. Bankruptcy Court for the District of Nevada on November 24, 2009 and, shortly thereafter, to this Court (as a result of an order withdrawing the automatic reference). The Asset Resolution Bankruptcy Cases and related proceedings are therefore now pending in this Article III Court.

2.    On or about January 29, 2010, this Court entered its order, *nunc pro tunc*, converting the  chapter 11 cases to cases under chapter 7 and appointing Plaintiff Leonard as the trustee. The Ninth Circuit Court of Appeals has affirmed that conversion. Plaintiff Leonard is therefore the duly qualified and acting chapter 7 trustee of the estates in the Asset Resolution Bankruptcy Cases (the "Estate"), administering the Estates for the benefit of creditors and equity holders.

**B.    The Margarita TDI-PAL Order**

3.    On May 3, 2012, the Court entered the Margarita TDI-PAL Order that among other things: (a) authorized a still-outstanding secured, earmarked $1,132,150 protective advance loan for the benefit of the Estate and its fellow Direct Lenders in the Margarita Loan; and (b) confirmed  the appointment of Cangelosi as a "TDI Representative" for the Direct Lenders based on their consent under the Fifty-One Percent Rule. [*See* AR Bk Doc. 1774].

**C.    Subject Matter Jurisdiction**

4.    This Court has jurisdiction over this Application and its subject matter under, among other authorities, 28 U.S.C. §§ 157 and 1334, 11 U.S.C § 363(f) and (h) and FRBP 7001(2), (3) and (9).

5.    This is a core proceeding under: (a) 28 U.S.C. §157(b)(2)(A)(matters concerning the administration of the estate); (b) 28 U.S.C. §157(b)(2)(B)(allowance or disallowance of claims against the estate); (c) 28 U.S.C. §157(b)(2)(K)(determinations of the validity, extent, or priority of liens); (d) 28 U.S.C. §157(b)(2)(M)(orders approving the sale or use of property); and/or (e) 28 U.S.C. § 157(b)(2)(O)(other proceedings affecting the liquidation of the assets of the estate).

6.    This Court also possesses supplemental jurisdiction under 28 USC § 1367(a).

7.    The Margarita TDI-PAL Order also provides that the Court will maintain jurisdiction to enforce the terms of that order. [*See* AR Bk Doc. 1774 ¶¶ 64 & 72].

**D.    Venue**

8.    Because the Application arises under title 11 or arises in and/or relates to the Asset Resolution Bankruptcy Cases, venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## II.

## BACKGROUND

9.    The Property that is the subject of the Application is an approximately 98-acre parcel of real property located in the County of San Luis Obispo County in the State of California, which served as collateral for the Margarita Annex loan in the original principal amount of $10.6 million (later increased to $12 million) between the Estate and its fellow Direct Lenders and their borrower, John King and his wife Carol King (jointly and severally, "King"). The Deed of Trust was recorded on July 30, 2004 as Document No. 2004068161 in the official records in the Office of the Recorder of San Luis Obispo County, California.

10.    The Property is owned by the Estate as a tenant in common with approximately 106 other direct lenders (the "Direct Lenders") as follows: (a) the Estate holds a 24.42 percent interest; and (b) the Direct Lenders (acting through Cangelosi in her capacity as TDI Representative) hold title to the remaining 75.58 percent interest according to their proportionate beneficial "direct lender" interests in the Margarita Annex loan.

11.    In the Application, the Trustee and TDI Representative Cangelosi seek, among other things, entry of an order authorizing a sale of the Property to either: (a) Midland Pacific Building Corporation ("Midland") or its designee, pursuant to the contract (the "Midland

Contract') attached as Exhibit A to the Declaration of Donna M. Cangelosi filed concurrently with the Application (the "Cangelosi Declaration.") [AR Bk Doc. 2350-1]; or (b) IPDC Construction, Inc. ("IPDC") or its designee, pursuant to the contract (the "IPDC Contract") attached to the Cangelosi Declaration as Exhibit B [AR Bk Doc. 2350-2].

12.    The Midland Contract provides for a complete resolution of all disputes with Midland involving the Property and provides Midland the right to purchase the Property for $13.5 million of cash (plus customary pro-rations) no later than fifteen days from the date the Court enters an order approving the sale. If Midland either opts-out of its right to purchase or fails to timely close the purchase, the Property will be sold to IPDC under the IPDC Contract for $13.5 million cash plus 1.5 percent of gross sale proceeds received from a development of the Property after the sale.

13.    Both contracts were obtained at arms' length, after diligent efforts by Cangelosi to obtain the highest and best price for the Property from various possible purchasers. The net effect of the Midland Contract and the IPDC Contract is that the Property will be sold within a few weeks of this Court's entry of this order, for cash, in an amount which will yield net payments to the Estate and its fellow Direct Lenders equal to an approximately 95 percent return of their principal investments in the Margarita Annex loan (after paying off the PAL loan and other direct lender approved expenses).

14.    Direct Lenders holding more than fifty-one percent of the beneficial "direct lender" interests in the loan have approved the proposed sales to either Midland or IPDC as described more fully in the Application and the two agreements (the "Transaction").

15.    The Trustee has joined in the request for sale and approval of the Transaction through the Application in light of this Court's earlier rulings interpreting NRS 645B.340,

related statutes, and the regulations promulgated thereunder and the right of the holders of 51% or more of the beneficial interest in the unpaid principal balance of a loan to make decisions with respect to the loan/property (the "Fifty-One Percent Rule").

## III.

## FINDINGS AND CONCLUSIONS

16.    The Court finds that good cause exists for granting the Application on an expedited basis and in all respects.

17.    The Court also hereby rules that this order is effective upon entry: the time for effectiveness of orders under Rules 4001(a)(3) and 6004(h) of the Federal Rules of Bankruptcy Procedure ("FRBP") is hereby waived.

18.    Due, adequate, and reasonable notice of the Application and Transaction has been provided to interested parties.  The only real parties in interest with respect to the Application and Transaction are the Margarita Direct Lenders, since the Estate is required to abide by the "whole loan" decisions of the Direct Lenders by the Fifty-One Percent Rule and this Court's earlier orders. *See, e.g*., February 8, 2010 Order [AR Bk Doc. 578-1] and September 6, 2012 Order [AR Bk Doc. 1915 at 22-23 ¶ 53]. The Direct Lenders have received notice of the proposed Transaction in connection with the receipt of consents under the Fifty-One Percent Rule.  Notice of this Application has also been served on all the Margarita Direct Lenders via the email procedure authorized by this Court in the September 6, 2012 Order [AR Bk Doc. 1915 at 22-23 ¶ 53]. Finally, electronic notice was given to all persons on the Court's ECF list for the Bankruptcy Cases, the special notice list, Midland Pacific, IPDC, Silar Advisors, LP (the PAL lender), and the United States Trustee.

19.     The Court hereby finds that the entire Property may be sold by the Trustee and TDI Representative to either Midland or to IPDC, pursuant to the terms of their respective contracts and that the Estate and the TDI Representative are authorized to execute and deliver a deed (the "Deed") to effectuate such a transfer.

20.     The legal authority supporting a sale of the entire Property is the Fifty-One Percent Rule (codified in NRS 645B.340) and/or 11 U.S.C. § 363 (b), (f), and (h).

21.     Valid business reasons exist to sell the Property and a sale pursuant to the Transaction is in the best interests of the debtor, creditors and equity holders. *See Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting *Institutional Creditors of Continental Airlines, Inc. (In re Continental Airlines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986).

22.     The Transaction and sale have been proposed in good faith.

23.     The purchase price under the Transaction is fair value, fair, and reasonable.

24.     The two agreements that are the subject of the Transaction resulted from extensive marketing and arms-length negotiations.

25.     The proposed Transaction resolves all of litigation concerning title to the Property and will yield a sale within a short time from entry of this order.

26.     The Transaction is the result of arm's length, good-faith negotiations with Midland and IPDC, and is not the product of fraud or collusion.

27.     Neither Midland nor IPDC is an insider of the Debtor nor has an affiliation or is in any way associated with the Debtor or the Trustee.

28.    Midland and IPDC (and/or their respective purchasing designees) are good faith purchasers for value and are hereby granted the full protections afforded by section 363(m) and the waiver of effectiveness under FRBP 6004(h).

29.    Section 363 (f)(2) and (3) of the Bankruptcy Code permits the sale of property free and clear of any interest in the property if such entity consents or such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property. The sales proceeds shall be applied at the closing to pay the Midland Buy-Out (if any), the PAL lien, the costs of sale (including attorney's fees, consulting fees, and taxes), and then to each of the Estate and its fellow Direct Lenders in proportion to their direct lender interests in the loan). A "free and clear" sale of the Property to Midland or IPDC pursuant to the Transaction and subject to the foregoing payments is hereby authorized in all respects.

30.    Bankruptcy Code Section 363(m) provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."  The purchaser(s) in the Transaction are entitled to and are hereby granted such protection.

31.    The Court has ruled that Midland is barred by the automatic stay from pursuing claims against the Property in Midland's case against King in the California Superior Court. Under the Midland Contract, conditioned only on this Court granting the Application, the parties have agreed that Midland's exclusive remedy towards the Property is to either buy it or obtain a buy-out, as overseen by this Court. Midland should be free to pursue its damages claims against John King. The Court therefore rules that, as part of the relief granting the Application, the

- 8 -

automatic stay is partially lifted to allow Midland to pursue King for damages in California court.

## IV.

## RELIEF

32.    IT IS ORDERED THAT the Application and the Shortened Time  Application are GRANTED.

33.    IT IS FURTHER ORDERED THAT notice of the Application and Shortened Time Application and related papers has been properly served on all necessary and appropriate parties under the facts and circumstances of the matter and applicable law.

34.    IT IS FURTHER ORDERED THAT a sale of the entire Property under either the Midland Contract or the IPDC Contract (as the case may be), free and clear of all liens, claims, encumbrances, and other interests is approved under the Fifty-One Percent Rule and sections 11 U.S.C. § 363(b), (f), and (h) of the Bankruptcy Code, provided that: (A) the TDI-PAL loan shall be paid in full from the sales proceeds; (B) if Midland is entitled to receive a Buy-Out Payment under the Midland Contract, that amount shall also be paid out of the IPDC sales proceeds; (C) the sales proceeds shall also be applied to pay all consulting and attorney's fees and other costs and expenses of closing; and (D) distributions of net proceeds of the sale shall be paid to the Estate and the other Direct Lenders in proportion to their  beneficial direct lender interests in the Margarita Loan. The Trustee and TDI Representative Cangelosi are authorized to  execute a deed and any and all such other documents necessary and appropriate to effectuate a transfer of the Property  and disburse the proceeds thereof pursuant to the Transaction, including without limitation to direct the escrow agent to make the  payments directly from the sales proceeds.

35.     IT IS FURTHER ORDERED THAT TDI Representative Cangelosi is authorized to direct the payments to be made to the direct lenders (except the Estate) to Margarita Annex SPE, LLC (a special purpose entity formed for this purpose) and to then disburse the Direct Lenders' proportion of the sales proceeds through that entity.

36.     IT IS FURTHER ORDERED THAT Midland, IPDC, or their respective purchasing designees are "good faith purchasers for value" within the meaning of 11 U.S.C. § 363(m) and are therefore entitled to all the protections encompassed therein.

37.     IT IS FURTHER ORDERED THAT the automatic stay is partially lifted so that Midland may pursue its damages claims against John King in the case pending in California Superior Court while it goes forward with the possible purchase (or not) of the Property under the Midland Contract.

38.     IT IS FURTHER ORDERED THAT the Trustee and TDI Representative Cangelosi are authorized to execute and deliver a deed or such other instruments that are necessary and appropriate to effectuate the Transaction.

39.     IT IS FURTHER ORDER THAT this Court shall maintain exclusive jurisdiction to enforce the terms of the Midland Contract and the Court shall enforce the Midland Contract (without a jury or discovery, except such discovery as the Court may order) upon motion by a party on no less than three calendar days' notice.

40.     IT IS FURTHER ORDERED THAT this Court shall maintain exclusive jurisdiction to enforce this order and to issue any supplemental orders that may be required to implement the Transaction, including without limitation such additional order(s), if any, as may be required by a title company to issue a title policy for the Transaction or any part thereof.

41.    IT IS FURTHER ORDERED THAT the provisions of Rule 4001(a)(3) and 6004(h) of the Federal Rules of Bankruptcy Procedure are waived and therefore this order shall be effective immediately upon entry.

IT IS SO ORDERED.    This 5th day of December, 2013.

###

_____
HON. ROBERT C. JONES

AGREED AS TO FORM AND SUBSTANCE:

THE MAJORIE FIRM, LTD.                  MCKENNA LONG & ALDRIDGE LLP

By: _/s/ Francis B. Majorie_____      By: _/s/ John A. Moe, II_____
    Francis B. Majorie, P.C.                  John A. Moe, II (admitted _pro hac vice_)
_Pro Hac Vice_ (Per Bk Dkt. 1915 ¶ 153)   300 South Grande Avenue, Suite 1400
3514 Cedar Springs Road                  Los Angeles, California 90071
Dallas, Texas 75219                      Telephone: 213-688-1000
Telephone: 214-522-7400                  Facsimile: 213-452-8039
Facsimile: 214-522-7911                  Email: jmoe@mckennalong.com

Attorneys for Donna Cangelosi, as TDI    Attorneys for Midland Pacific
Representative under an Order entered
by this Court on May 3, 2012

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By: _/s/ Jonathan S. Dabbieri_____
    James P. Hill, CA SBN 90478 (Pro Hac Vice)
    Jonathan S. Dabbieri, CA SBN 91963 (Pro Hac Vice)
    Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor
Las Vegas, NV 89101
Telephone: 702-382-6440
Facsimile: 702-384-9102

Attorneys for William A. Leonard, Jr.,
Chapter 7 Trustee