1  SULLIVAN, HILL, LEWIN, REZ & ENGEL          **Electronically Filed: December 20, 2013**
   A Professional Law Corporation
2    James P. Hill, CA SBN 90478 (Pro Hac Vice)
     Jonathan S. Dabbieri, CA SBN 91963 (Pro Hac Vice)
3    Elizabeth E. Stephens, NV SBN 5788
   228 South Fourth Street, First Floor
4  Las Vegas, NV 89101
   Telephone:  (702) 382-6440
5  Fax Number: (702) 384-9102

6  Attorneys for Chapter 7 Trustee,
   William A. Leonard, Jr.

7

8              UNITED STATES BANKRUPTCY COURT

9                   DISTRICT OF NEVADA

10 In re                              ) CASE NO. BK-S-09-32824-RCJ (Lead Case)
                                      )
11 ASSET RESOLUTION, LLC,             ) Jointly Administered with Case Nos.:
                                      ) BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;
12            Debtor.                 ) BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;
                                      ) BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;
13                                    ) BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;
                                      ) BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;
14                                    ) BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;
                                      ) BK-S-09-32880-RCJ; BK-S-09-32882-RCJ
15                                    )
                                      ) Chapter 7
16 Affects:                           )
   ☒ All Debtors                      )
17 ☐ Asset Resolution, LLC, 09-32824  ) **SULLIVAN HILL'S NOTICE OF INTERIM**
   ☐ Bundy 2.5 Million SPE, LLC, 09-32831 ) **COMPENSATION REQUESTED**
18 ☐ Bundy Five Million SPE, LLC, 09-32839 ) **(NOVEMBER 2013) AS COUNSEL FOR**
   ☐ CFP Anchor B SPE, LLC, 09-32843  ) **CHAPTER 7 TRUSTEE**
19 ☐ CFP Cornman Toltec SPE, LLC, 09-32844 )
   ☐ CFP Gess SPE LLC, 09-32846       )
20 ☐ CFP Gramercy SPE, LLC, 09-32849  )
   ☐ Fiesta Stoneridge, LLC, 09-32851 )
21 ☐ Fox Hills SPE, LLC, 09-32853     )
   ☐ HFAH Monaco SPE LLC, 09-32868    )
22 ☐ Huntsville SPE LLC, 09-32873     ) Ctrm:  RCJ - Courtroom 6
   ☐ Lake Helen Partners SPE LLC, 09-32875 )        Bruce R. Thompson Federal Building
23 ☐ Ocean Atlantic SPE LLC, 09-32878 )        400 S. Virginia Street
   ☐ Shamrock SPE LLC, 09-32880       )        Reno, NV 89501
24 ☐ 10-90 SPE, LLC, 09-32882         ) Judge: Hon. Robert C. Jones
25                                    )
26 / / /

27 / / /

28 / / /

1    TO WILLIAM A. LEONARD, JR., CHAPTER 7 TRUSTEE ("TRUSTEE"); AND OTHER

2    PARTIES ENTITLED TO NOTICE:

3        Pursuant to the Court's Order Establishing Procedures for Interim Compensation of

4    Professionals ("Interim Compensation Order") made in open court on May 27, 2010 and entered on

5    October 15, 2010 [Docket No. 1243], as modified by the Court in its oral ruling on February 24,

6    2011, placing an interim cap on rates of $400 per hour for attorneys and $100 per hour for

7    paralegals, the November 2013 invoices of Sullivan Hill Lewin Rez & Engel ("Sullivan Hill"),

8    counsel for the Trustee, are attached as Exhibit "A" hereto.  During the month of November,

9    Sullivan Hill billed fees in the amount of $28,220.00, reduced to $24,762.50 applying the Court

10   ordered cap, and costs in the amount of $1,558.29.  At this time, on the terms set forth below,

11   Sullivan Hill seeks payment based upon the reduced amount.  All terms not defined herein shall have

12   the meaning given them in the Interim Compensation Order.

13       Exhibit "B" hereto is a budget setting forth the fees and costs Sullivan Hill estimates that it

14   will incur in these cases during the months of December 2013 and January 2014.  All amounts set

15   forth on Exhibit "B" are estimates only, and actual fees and costs will depend on a variety of facts

16   and circumstances.  Exhibit "B" also sets out, on a matter by matter basis, the fees requested by this

17   notice, at both the firm's usual and customary rates (Column B) and the rates as capped by the Court

18   (Column C).

19       In accordance with the Interim Compensation Order:

20       (1)    Any Reviewing Party may serve upon the Sullivan Hill within 10 days of service of

21   an invoice ("Objection Period") a written "Notice of Objection to Fee Statement" ("Objection")

22   setting forth the precise nature of the Objection and the amounts disputed.

23       (2)    If no Objection to an invoice is timely served within the Objection Period, the Trustee

24   is authorized to pay from the estate for which the services were rendered or the costs incurred on an

25   interim basis, subject to the further approval or adjustment upon fee application as described below,

26   80 percent (80%) of the fees requested applying the cap -- (80% of $24,762.50, or $19,810.00) -- and

27   100 percent (100%) of the costs requested in such invoices -- $1,558.29.

28   / / /

(3)     If an Objection is timely served within the Objection Period which objects to some but not all of the fees and costs requested in this notice, the Trustee is authorized to pay -- on an interim basis, subject to the further approval or adjustment upon fee application as described below -- 80 percent (80%) of the uncontested fees requested in this notice (at the capped rates), and 100 percent (100%) of the uncontested costs requested in such invoice.

(4)     If an Objection is timely served within the Objection Period, the parties shall meet and confer and attempt to reach a consensual resolution of the dispute.  If such a resolution is reached, the parties shall notify the Trustee and all Reviewing Parties, and the Trustee shall promptly pay the agreed-upon fees and costs, on an interim basis, subject to the further approval upon fee application as described below.

(5)     If an Objection is timely served with the Objection Period and not resolved through the meet-and-confer process described above, Sullivan Hill may (i) file with the Court a request for payment of the amounts requested in this notice (along with a copy of the Objection), and set a hearing on the matter; or (ii) forego payment of the disputed amounts until the amounts are addressed in the next interim fee application.

(6)     Approximately every four (4) months, Sullivan Hill will file with the Court and serve on the Reviewing Parties an application for interim approval and allowance of the fees and costs incurred during the prior four months -- addressing amounts previously paid and amounts previously held back -- pursuant to section 331 of the Bankruptcy Code.

(7)     All amounts paid in accordance with this process shall be interim in nature and subject to disgorgement until such time as the Court orders otherwise.

(8)     No action or inaction in with respect to an invoice, any payment thereof, or any objection thereto shall prejudice the rights of any party in interest with respect to an interim or final fee application, and all rights with respect to such applications -- including the right to object -- are fully reserved.

/ / /

/ / /

/ / /

1    (9)    Sullivan Hill reserves the right to request at a future date that the Court approve

2    payment of the fees included in this notice at the firm's previously approved uncapped rates.

3    Dated:    December 20, 2013    SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                    A Professional Law Corporation

4

5                                   By:    _____/s/ Jonathan S. Dabbieri_____

6                                          James P. Hill (Pro Hac Vice)
                                           Jonathan S. Dabbieri (Pro Hac Vice)
7                                          Elizabeth E. Stephens
                                           Attorneys for Chapter 7 Trustee,
8                                          William A. Leonard, Jr.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**



550 West C Street
Suite 1500
San Diego, CA 92101
☎ 619.233.4100
🖷 619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Our Matter # 554-14034 - JPH

Re: Asset Resolution, LLC

Invoice  151887
December 13, 2013

For Services Rendered Through November 30, 2013

|  |  |  |
|---|---|---|
| Current Fees | 4,800.00 |  |
| Current Disbursements | 1,550.29 |  |
| Total Current Charges |  | 6,350.29 |
| **Total Due** |  | **6,350.29** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Asset Resolution, LLC | Invoice  151887 |
| I.D. 554-14034 - JPH | Page  2 |

| Fee Recap | | | | |
|---|---|---|---|---|
| | | **Hours** | **Rate/Hour** | **Amount** |
| James P. Hill | Shareholder | 2.60 | 495.00 | 1,287.00 |
| Jonathan S. Dabbieri | Shareholder | 7.70 | 425.00 | 3,272.50 |
| Jamie N. Vidovich | Paralegal | 1.30 | 185.00 | 240.50 |
| | **Totals** | **11.60** | | **4,800.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Asset Resolution, LLC | Invoice  151887 |
| I.D. 554-14034 - JPH | Page  3 |

| Fees | | | | | |
|------|------|-------------|-------|------|--------|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/01/13 | JPH | Conference with trustee to review case status, pending matters (.3). | 0.30 | 495.00 | 148.50 |
| 11/01/13 | JSD | Memoranda re Mountain House property being removed from tax sale. | 0.20 | 425.00 | 85.00 |
| 11/04/13 | JPH | Meeting with trustee re case closing procedures and updates re starting TFR process, and review of "to do's" and action items in remaining cases (1.5 hours). | 1.50 | 495.00 | 742.50 |
| 11/04/13 | JSD | Revised report to court. | 0.50 | 425.00 | 212.50 |
| 11/04/13 | JSD | Revised draft report per comments by Mr. Leonard and memorandum to Mr. Leonard re same. | 0.60 | 425.00 | 255.00 |
| 11/04/13 | JSD | Memorandum to tax collector re withdrawal of Mountain House property from tax sale. | 0.10 | 425.00 | 42.50 |
| 11/05/13 | JSD | Further revisions to report to court. | 0.30 | 425.00 | 127.50 |
| 11/05/13 | JSD | Memorandum to Dan Newman re tracking down direct lenders for distribution checks. | 0.10 | 425.00 | 42.50 |
| 11/07/13 | JNV | Monthly case status review and analysis. | 0.50 | 185.00 | 92.50 |
| 11/07/13 | JSD | Participated in CRT conference call. | 0.50 | 425.00 | 212.50 |
| 11/13/13 | JPH | Monthly review of case status and charges (.3). | 0.30 | 495.00 | 148.50 |
| 11/13/13 | JSD | Memoranda to Mr. Hayward re Compass direct lender interests. | 0.40 | 425.00 | 170.00 |
| 11/14/13 | JNV | Prepare notice of interim compensation for October, including exhibits thereto. | 0.80 | 185.00 | 148.00 |
| 11/14/13 | JSD | Participated in CRT conference call. | 0.70 | 425.00 | 297.50 |
| 11/14/13 | JSD | Prepared additional revisions to draft report and memorandum to Mr. Leonard re comments. | 0.60 | 425.00 | 255.00 |
| 11/15/13 | JPH | Meeting with trustee to review and revise (final) draft summit meeting report (.5). | 0.50 | 495.00 | 247.50 |
| 11/15/13 | JSD | Memoranda and conference with Mr. Leonard re finalizing draft report for distribution. | 0.80 | 425.00 | 340.00 |
| 11/15/13 | JSD | Memorandum to summit participants distributing for comment draft report to court. | 0.20 | 425.00 | 85.00 |
| 11/18/13 | JSD | Numerous memoranda re court set hearing date on motion to compel distribution and status of filing joint report. | 0.60 | 425.00 | 255.00 |
| 11/21/13 | JSD | Attention to confirming that Mountain House property had been withdrawn from tax sale. | 1.20 | 425.00 | 510.00 |
| 11/22/13 | JSD | Memorandum to summit participants re status of commenting on report to court. | 0.20 | 425.00 | 85.00 |
| 11/22/13 | JSD | Researched San Joaquin County tax sale records to confirm Mountain House property had been withdrawn from sale and memorandum to Ms. Cangelosi forwarding tax records confirming | 0.70 | 425.00 | 297.50 |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Asset Resolution, LLC | Invoice  151887 |
| I.D. 554-14034 - JPH | Page 4 |

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | same. | | | |

| | | | Total Fees | **11.60** | | **4,800.00** |
|---|---|---|---|---|---|---|

| Disbursements | | |
|---|---|---|
| **Date** | **Description** | **Amount** |
| 11/01/13 | Postage | 13.48 |
| 11/05/13 | Postage | 6.36 |
| 11/05/13 | Postage | 2.64 |
| 11/05/13 | Recorder Fees; Notice of Lis Pendens; Lee County Clerk of Courts | 52.50 |
| 11/19/13 | Postage | 16.33 |
| 11/20/13 | Filing Fees; Adversary Action, U.S. Bankruptcy Court-Nevada 10/23/13; Torrey Pines Bank | 293.00 |
| 11/20/13 | Travel expenses; JSD-Roundtrip Airfare San Diego/Las Vegas, Lodging and San Diego Airport Parking 10/9-10/13 re: Hearing; Torrey Pines Bank | 574.12 |
| 11/21/13 | Postage | 2.92 |
| 11/22/13 | Conference Room Supplies/Breakfast/Lunches/Refreshments re: Summit Meeting in Las Vegas 10/9-10/13; Torrey Pines Bank | 588.94 |
| | **Total Disbursements** | **1,550.29** |

550 West C Street
Suite 1500
San Diego, CA 92101
619.233.4100
619.231.4372

shlaw.com

Federal Tax ID
33-0644076

## Sullivan Hill
## Lewin Rez & Engel
A PROFESSIONAL LAW CORPORATION

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151888
December 13, 2013

Our Matter # 554-14108 - JPH

Re: CFP Cornman Toltec SPE 09-32844

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 93.50 | |
| Total Current Charges | | 93.50 |
| **Total Due** | | **93.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: CFP Cornman Toltec SPE 09-32844 | Invoice  151888 |
| I.D. 554-14108 - JPH | Page  2 |

### Fee Recap

| | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Elizabeth E. Stephens | Of Counsel | 0.20 | 375.00 | 75.00 |
| Jamie N. Vidovich | Paralegal | 0.10 | 185.00 | 18.50 |
| | **Totals** | **0.30** | | **93.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: CFP Cornman Toltec SPE 09-32844 | Invoice  151888 |
| I.D. 554-14108 - JPH | Page  3 |

| | | | | | |
|---|---|---|---|---|---|
| **Fees** | | | | | |
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/12/13 | JNV | Review status report re Cornman Toltec property. | 0.10 | 185.00 | 18.50 |
| 11/12/13 | EES | Reviewed inquiry re: grazing on Corman-Toltec property; correspondence with Trustee re: same. | 0.20 | 375.00 | 75.00 |
| | | **Total Fees** | **0.30** | | **93.50** |



550 West C Street
Suite 1500
San Diego, CA 92101
☎ 619.233.4100
📠 619.231.4372

shlaw.com

Federal Tax ID
33-0644076



Asset Resolution, LLC                                                    Invoice  151889
c/o William A. Leonard, Jr., Trustee                              December 13, 2013
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Our Matter # 554-14110 - JPH

Re: CFP Gramercy SPE 09-32849

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 2,040.00 | |
| Total Current Charges | | 2,040.00 |
| **Total Due** | | **2,040.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: CFP Gramercy SPE 09-32849 | Invoice  151889 |
| I.D. 554-14110 - JPH | Page  2 |

## Fee Recap

| | | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|---|
| Jonathan S. Dabbieri | Shareholder | | 4.80 | 425.00 | 2,040.00 |
| | | **Totals** | **4.80** | | **2,040.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: CFP Gramercy SPE 09-32849 | Invoice  151889 |
| I.D. 554-14110 - JPH | Page  3 |

| | | **Fees** | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/05/13 | JSD | Memorandum to Ms. Cangelosi re status of Hansen settlement negotiations. | 0.10 | 425.00 | 42.50 |
| 11/09/13 | JSD | Reviewed Ms. Cangelosi's comments re Hansen settlement document. | 0.30 | 425.00 | 127.50 |
| 11/13/13 | JSD | Memoranda re Hansen settlement, conference call, and obtaining consent for direct communication with Mr. Hansen. | 0.60 | 425.00 | 255.00 |
| 11/14/13 | JSD | Telephone conference with Donna Cangelosi and Todd Hansen. | 0.90 | 425.00 | 382.50 |
| 11/14/13 | JSD | Memoranda to and from Mr. Moas authorizing direct communications with Mr. Hansen. | 0.40 | 425.00 | 170.00 |
| 11/20/13 | JSD | Drafted Hansen settlement agreement. | 2.30 | 425.00 | 977.50 |
| 11/20/13 | JSD | Memorandum to Mr. Leonard and Ms. Cangelosi forwarding draft Hansen settlement agreement. | 0.20 | 425.00 | 85.00 |
| | | **Total Fees** | **4.80** | | **2,040.00** |



550 West C Street
Suite 1500
San Diego, CA 92101
619.233.4100
619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151890
December 13, 2013

Our Matter # 554-14113 - JPH

Re: HFAH Monaco SPE 09-32868

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 687.50 | |
| Total Current Charges | | 687.50 |
| **Total Due** | | **687.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: HFAH Monaco SPE 09-32868 | Invoice  151890 |
| I.D. 554-14113 - JPH | Page  2 |

| Fee Recap | | | | |
|---|---|---|---|---|
| | | **Hours** | **Rate/Hour** | **Amount** |
| Jonathan S. Dabbieri | Shareholder | 1.40 | 425.00 | 595.00 |
| Jamie N. Vidovich | Paralegal | 0.50 | 185.00 | 92.50 |
| | **Totals** | **1.90** | | **687.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: HFAH Monaco SPE 09-32868 | Invoice  151890 |
| I.D. 554-14113 - JPH | Page  3 |

| | | Fees | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/01/13 | JSD | Telephone conference with Dan Hayward re HFAH Monaco lawsuit. | 0.30 | 425.00 | 127.50 |
| 11/05/13 | JNV | Review of notice from Lee County Clerk re Lis Pendens (.1); revise payment and resend (.2). | 0.30 | 185.00 | 55.50 |
| 11/13/13 | JSD | Telephone conference with Royi Moas, counsel for Mr. Hansen, re Monaco property. | 0.20 | 425.00 | 85.00 |
| 11/18/13 | JNV | Receipt and review of recorded Lis Pendens. | 0.20 | 185.00 | 37.00 |
| 11/22/13 | JSD | Analyzed Platinum Financial's answer to complaint. | 0.60 | 425.00 | 255.00 |
| 11/27/13 | JSD | Telephone conference with Royi Moas re foreclosure. | 0.30 | 425.00 | 127.50 |
| | | **Total Fees** | **1.90** | | **687.50** |



550 West C Street
Suite 1500
San Diego, CA 92101
☎ 619.233.4100
🖷 619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151891
December 13, 2013

Our Matter # 554-14114 - JPH

Re: Huntsville SPE 09-32873

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 1,955.00 | |
| Total Current Charges | | 1,955.00 |

| | |
|---|---|
| **Total Due** | **1,955.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Huntsville SPE 09-32873 | Invoice 151891 |
| I.D. 554-14114 - JPH | Page 2 |

| Fee Recap | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Jonathan S. Dabbieri | Shareholder | 4.60 | 425.00 | 1,955.00 |
| | **Totals** | **4.60** | | **1,955.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Huntsville SPE 09-32873 | Invoice  151891 |
| I.D. 554-14114 - JPH | Page  3 |

| | | **Fees** | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/20/13 | JSD | Reviewed correspondence and e-mails re transfer of additional Huntsville parcels to the Kehls. | 3.90 | 425.00 | 1,657.50 |
| 11/20/13 | JSD | Memorandum to Mr. Leonard re transfer of additional parcels to the Kehls after auction. | 0.40 | 425.00 | 170.00 |
| 11/20/13 | JSD | Memorandum to Ms. Cangelosi re transfer of parcels to Kehls. | 0.30 | 425.00 | 127.50 |
| | | **Total Fees** | **4.60** | | **1,955.00** |



550 West C Street
Suite 1500
San Diego, CA 92101
619.233.4100
619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151893
December 13, 2013

Our Matter # 554-14187 - JPH

Re: Fee Applications

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 1,533.50 | |
| Total Current Charges | | 1,533.50 |
| **Total Due** | | **1,533.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Fee Applications | Invoice  151893 |
| I.D. 554-14187 - JPH | Page  2 |

### Fee Recap

| | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| James P. Hill | Shareholder | 0.60 | 495.00 | 297.00 |
| Jonathan S. Dabbieri | Shareholder | 2.30 | 425.00 | 977.50 |
| Jamie N. Vidovich | Paralegal | 1.40 | 185.00 | 259.00 |
| | **Totals** | **4.30** | | **1,533.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Fee Applications | Invoice 151893 |
| I.D. 554-14187 - JPH | Page 3 |

| Fees | | | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/18/13 | JPH | Review and revise status report for fee notice, including conferences re same with Trustee Leonard, J. Dabbieri, and J. Vidovich (.5). | 0.50 | 495.00 | 247.50 |
| 11/18/13 | JSD | Updated fee notice narrative and budget. | 1.10 | 425.00 | 467.50 |
| 11/19/13 | JNV | Prepare fee calculations for Interim Compensation Notice (.9); finalize Notice and exhibits thereto (.2); electronically file and serve foregoing (.3). | 1.40 | 185.00 | 259.00 |
| 11/19/13 | JPH | Final review and revisions to fee notice document (.1). | 0.10 | 495.00 | 49.50 |
| 11/19/13 | JSD | Finalized fee notice and narrative for filing. | 1.20 | 425.00 | 510.00 |
| | | **Total Fees** | **4.30** | | **1,533.50** |



550 West C Street
Suite 1500
San Diego, CA 92101
☎ 619.233.4100
📠 619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151892
December 13, 2013

Our Matter # 554-14180 - JPH

Re: Gardens

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 7,780.50 | |
| Current Disbursements | 8.00 | |
| **Total Current Charges** | | 7,788.50 |
| **Total Due** | | **7,788.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Gardens | Invoice  151892 |
| I.D. 554-14180 - JPH | Page  2 |

## Fee Recap

| | | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|---|
| James P. Hill | Shareholder | | 6.20 | 495.00 | 3,069.00 |
| Joseph L. Marshall | Shareholder | | 8.90 | 470.00 | 4,183.00 |
| Jonathan S. Dabbieri | Shareholder | | 1.20 | 425.00 | 510.00 |
| Jamie N. Vidovich | Paralegal | | 0.10 | 185.00 | 18.50 |
| | | **Totals** | **16.40** | | **7,780.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Gardens | Invoice  151892 |
| I.D. 554-14180 - JPH | Page  3 |

| | | Fees | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/04/13 | JPH | Settlement meeting with K. Johnson (purchaser of Compass Bank notes) re proposal for purchase of Gardens Loan notes, procedures re same, alternative approach, including brief conference following with trustee (1.0 hour). | 1.00 | 495.00 | 495.00 |
| 11/04/13 | JSD | Considered resolution of ARC interest in loans. | 0.30 | 425.00 | 127.50 |
| 11/06/13 | JPH | Telephone conference with and correspondence to/from K. Johnson re offer to purchase Gardens Loans (.2). | 0.20 | 495.00 | 99.00 |
| 11/08/13 | JPH | Receive, review offer from K. Johnson for purchase of Gardens Loan notes, and correspondence to trustee re same (.2). | 0.20 | 495.00 | 99.00 |
| 11/12/13 | JNV | Review LOI re Parliament House property. | 0.10 | 185.00 | 18.50 |
| 11/12/13 | JSD | Reviewed Ken Johnson letter of intent re purchase of notes and security instruments. | 0.40 | 425.00 | 170.00 |
| 11/13/13 | JPH | Review correspondence from K. Johnson with draft purchase agreement document (.3); draft correspondence re same to Trustee Leonard and to J. Marshall re issues re procedures and overbid requirement (.2). | 0.50 | 495.00 | 247.50 |
| 11/20/13 | JPH | Conference with J. Marshall re K. Johnson transaction documents, deal terms (.2). | 0.20 | 495.00 | 99.00 |
| 11/25/13 | JPH | Working on draft agreement for sale of Gardens Loan notes to K. Johnson, including correspondence to/from D. Rentz re same and correspondence to/from trustee re same.  (.8) | 0.80 | 495.00 | 396.00 |
| 11/25/13 | JSD | Memorandum re using Direct Lender 22 for service of proposals to direct lenders. | 0.20 | 425.00 | 85.00 |
| 11/25/13 | JLM | Work on Garden's loan LOI | 2.80 | 470.00 | 1,316.00 |
| 11/26/13 | JPH | Working on draft agreement for sale of Gardens Loan notes, including correspondence to/from trustee and conferences re same with J. Marshall (1.3). | 1.30 | 495.00 | 643.50 |
| 11/26/13 | JLM | Complete and transmit draft of Garden loan sale documentation | 3.20 | 470.00 | 1,504.00 |
| 11/27/13 | JPH | Review and revise draft Gardens note sale agreement, including multiple conferences with J. Marshall and review of background documents, and including draft correspondence re same to D. Rentz and correspondence re same to K Johnson. (Total: 2.0 hours) | 2.00 | 495.00 | 990.00 |
| 11/27/13 | JSD | Conference re note terms and sale. | 0.30 | 425.00 | 127.50 |
| 11/27/13 | JLM | Revise and finalize Garden loan sale agreement | 2.90 | 470.00 | 1,363.00 |
| | | **Total Fees** | **16.40** | | **7,780.50** |

| | Disbursements | |
|---|---|---|
| **Date** | **Description** | **Amount** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Gardens | Invoice  151892 |
| I.D. 554-14180 - JPH | Page 4 |

| | |
|---|---|
| 11/29/13   Parking; 11-4-13 | 8.00 |
| **Total Disbursements** | **8.00** |



550 West C Street
Suite 1500
San Diego, CA 92101
T 619.233.4100
F 619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151895
December 13, 2013

Our Matter # 554-15015 - JPH

Re: Margarita Annex

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 5,645.50 | |
| Total Current Charges | | 5,645.50 |
| **Total Due** | | **5,645.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Margarita Annex | Invoice  151895 |
| I.D. 554-15015 - JPH | Page  2 |

## Fee Recap

| | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Jonathan S. Dabbieri | Shareholder | 12.50 | 425.00 | 5,312.50 |
| Jamie N. Vidovich | Paralegal | 1.80 | 185.00 | 333.00 |
| | **Totals** | **14.30** | | **5,645.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Margarita Annex | Invoice  151895 |
| I.D. 554-15015 - JPH | Page  3 |

| | | Fees | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/04/13 | JSD | Memorandum to Ms. Cangelosi re inquiry by potential purchaser. | 0.20 | 425.00 | 85.00 |
| 11/14/13 | JSD | Telephone conference with Frank Majorie and Donna Cangelosi re Midland transaction. | 0.50 | 425.00 | 212.50 |
| 11/14/13 | JSD | Considered memoranda to and from Silar (Hin-King Tai) re PAL. | 0.30 | 425.00 | 127.50 |
| 11/15/13 | JSD | Reviewed draft complaint against Midland. | 0.80 | 425.00 | 340.00 |
| 11/18/13 | JSD | Reviewed and memorandum to Mr. Majorie re draft Midland settlement agreement. | 1.80 | 425.00 | 765.00 |
| 11/18/13 | JSD | Researched potential additional defenses to Midland claim for specific performance and memorandum to Mr. Majorie. | 0.80 | 425.00 | 340.00 |
| 11/19/13 | JNV | Review, revise and finalize adversary complaint against Midland Pacific (.8); electronically file same (.4). | 1.20 | 185.00 | 222.00 |
| 11/19/13 | JSD | Reviewed Mr. Majorie's additional revisions to Midland complaint. | 0.70 | 425.00 | 297.50 |
| 11/19/13 | JSD | Memoranda to and from Mr. Majorie re revisions to allegations in draft Midland complaint. | 0.60 | 425.00 | 255.00 |
| 11/19/13 | JSD | Memoranda to and from Mr. Annis re filing Midland complaint. | 0.40 | 425.00 | 170.00 |
| 11/19/13 | JSD | Attention to filing of complaint and amended complaint; memoranda to Mr. Majorie and Ms. Cangelosi re filings. | 2.20 | 425.00 | 935.00 |
| 11/20/13 | JSD | Reviewed Midland settlement agreement and memorandum to Mr. Majorie and Ms. Cangelosi re revisions. | 1.80 | 425.00 | 765.00 |
| 11/21/13 | JNV | Receipt and review of issued summons (.1); prepare adversary complaint package for service (.5) | 0.60 | 185.00 | 111.00 |
| 11/21/13 | JSD | Attention to service of summons on Midland's agent for service of process. | 0.40 | 425.00 | 170.00 |
| 11/25/13 | JSD | Reviewed Midland settlement documents. | 1.60 | 425.00 | 680.00 |
| 11/27/13 | JSD | Telephone conference with Frank Majorie re settlement documentation. | 0.20 | 425.00 | 85.00 |
| 11/27/13 | JSD | Telephone conference with Mr. Leonard re Margarita settlement. | 0.10 | 425.00 | 42.50 |
| 11/27/13 | JSD | Second telephone conference with Mr. Majorie. | 0.10 | 425.00 | 42.50 |
| | | **Total Fees** | **14.30** | | **5,645.50** |



550 West C Street
Suite 1500
San Diego, CA 92101
619.233.4100
619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151894
December 13, 2013

Our Matter # 554-15003 - JPH

Re: Claims Analysis/Objections

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 1,097.00 | |
| Total Current Charges | | 1,097.00 |
| **Total Due** | | **1,097.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Claims Analysis/Objections | Invoice  151894 |
| I.D. 554-15003 - JPH | Page  2 |

| Fee Recap | | | | |
|---|---|---|---|---|
| | | **Hours** | **Rate/Hour** | **Amount** |
| Jonathan S. Dabbieri | Shareholder | 1.10 | 425.00 | 467.50 |
| Elizabeth E. Stephens | Of Counsel | 0.10 | 375.00 | 37.50 |
| Jamie N. Vidovich | Paralegal | 3.20 | 185.00 | 592.00 |
| | **Totals** | **4.40** | | **1,097.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Claims Analysis/Objections | Invoice  151894 |
| I.D. 554-15003 - JPH | Page  3 |

| **Fees** | | | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/01/13 | JSD | Attention to service of notice of claims bar date. | 0.40 | 425.00 | 170.00 |
| 11/01/13 | JNV | Review Order re Administrative Claims Bar Date (.2); finalize Notice of same (.3); prepare foregoing for service (2.2); electronically file foregoing (.2). | 2.90 | 185.00 | 536.50 |
| 11/01/13 | EES | Reviewed notice of bar date. | 0.10 | 375.00 | 37.50 |
| 11/04/13 | JSD | Memorandum to Mr. Majorie re Bryan Cave claim. | 0.10 | 425.00 | 42.50 |
| 11/05/13 | JNV | Review service of Motion to Set Administrative Claims Bar Date, and confirm same with J. Dabbieri. | 0.30 | 185.00 | 55.50 |
| 11/19/13 | JSD | Memorandum to counsel for Palm Beach, Florida re claims bar date and filing of administrative claim. | 0.60 | 425.00 | 255.00 |
| | | **Total Fees** | **4.40** | | **1,097.00** |



550 West C Street
Suite 1500
San Diego, CA 92101
☏ 619.233.4100
🖷 619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151896
December 13, 2013

Our Matter # 554-15306 - JPH

Re: Preference Actions

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 2,489.50 | |
| **Total Current Charges** | | 2,489.50 |
| **Total Due** | | **2,489.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Preference Actions | Invoice  151896 |
| I.D. 554-15306 - JPH | Page  2 |

| Fee Recap | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Jonathan S. Dabbieri | Shareholder | 4.90 | 425.00 | 2,082.50 |
| Jamie N. Vidovich | Paralegal | 2.20 | 185.00 | 407.00 |
| | **Totals** | **7.10** | | **2,489.50** |

**Sullivan, Hill, Lewin, Rez & Engel**

| | |
|---|---|
| Asset Resolution, LLC | December 13, 2013 |
| Re: Preference Actions | Invoice  151896 |
| I.D. 554-15306 - JPH | Page  3 |

| Fees | | | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/01/13 | JSD | Finalized draft Akerman settlement motion and memorandum forwarding motion to Mr. Majorie. | 0.80 | 425.00 | 340.00 |
| 11/01/13 | JSD | Conference with Mr. Leonard re approval of Akerman settlement motion. | 0.20 | 425.00 | 85.00 |
| 11/04/13 | JNV | Review and revise Motion to Approve Settlement re Akerman Senterfitt. | 0.40 | 185.00 | 74.00 |
| 11/04/13 | JSD | Memorandum to Mr. Majorie re Akerman settlement. | 0.10 | 425.00 | 42.50 |
| 11/04/13 | JSD | Revised and forwarded to counsel for approval Akerman settlement motion. | 0.40 | 425.00 | 170.00 |
| 11/04/13 | JSD | Memoranda re changes to settlement motion requested by Mr. Holley. | 0.40 | 425.00 | 170.00 |
| 11/04/13 | JSD | Finalized for filing motion to approve Akerman settlement. | 0.80 | 425.00 | 340.00 |
| 11/05/13 | JNV | Review, revise and finalize Motion to Approve Settlement with Akerman, Senterfitt, and supporting documents (.9); electronically file same in lead case as well as adversary (.5); prepare service of foregoing (.4). | 1.80 | 185.00 | 333.00 |
| 11/25/13 | JSD | Reviewed Bryan Cave settlement documents and memoranda related thereto. | 1.90 | 425.00 | 807.50 |
| 11/26/13 | JSD | Reviewed agreed dismissal order and memorandum to Mr. Leonard re same. | 0.30 | 425.00 | 127.50 |
| | | **Total Fees** | **7.10** | | **2,489.50** |



550 West C Street
Suite 1500
San Diego, CA 92101
619.233.4100
619.231.4372

shlaw.com

Federal Tax ID
33-0644076

Asset Resolution, LLC
c/o William A. Leonard, Jr., Trustee
6625 South Valley View, Bldg B, Ste. 224
Las Vegas, NV  89118

Invoice  151897
December 13, 2013

Our Matter # 554-16248 - JPH

Re: Oak Shores II

For Services Rendered Through November 30, 2013

| | | |
|---|---|---|
| Current Fees | 98.00 | |
| Total Current Charges | | 98.00 |
| **Total Due** | | **98.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Oak Shores II | Invoice  151897 |
| I.D. 554-16248 - JPH | Page  2 |

| Fee Recap | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Jonathan S. Dabbieri | Shareholder | 0.10 | 425.00 | 42.50 |
| Jamie N. Vidovich | Paralegal | 0.30 | 185.00 | 55.50 |
| | **Totals** | **0.40** | | **98.00** |

**Sullivan, Hill, Lewin, Rez & Engel**

| Asset Resolution, LLC | December 13, 2013 |
|---|---|
| Re: Oak Shores II | Invoice  151897 |
| I.D. 554-16248 - JPH | Page  3 |

| | | Fees | | | |
|---|---|---|---|---|---|
| **Date** | **Atty** | **Description** | **Hours** | **Rate** | **Amount** |
| 11/04/13 | JNV | Receipt and review of Notice of Trustee's Sale re Oak Shores II (.1); confer with J. Dabbieri re same (.1); organize same in recorded document files re Oak Shores (.1). | 0.30 | 185.00 | 55.50 |
| 11/04/13 | JSD | Memorandum to Ms. Cangelosi re trustee's notice of sale. | 0.10 | 425.00 | 42.50 |
| | | **Total Fees** | **0.40** | | **98.00** |

**EXHIBIT B**

SULLIVAN HILL'S ESTIMATED FEES AND COSTS
NOVEMBER 2013 SUMMARY

| Billing Category | NOVEMBER 2013 USUAL & CUSTOMARY Fees | NOVEMBER 2013 CAPPED Fees | 80% of CAPPED Fees | NOVEMBER 2013 Costs | Estimated Fees and Costs DECEMBER 2013/JANUARY 2014 |
|---|---|---|---|---|---|
| Asset Resolution, LLC General Administration | $ 4,800.00 | $ 4,250.00 | $ 3,400.00 | $ 1,550.29 | $2,000 to $5,000 |
| Bundy 2.5M SPE, LLC 09-32831 | $ - | $ - | $ - | $ - | NOMINAL |
| Bundy 5M SPE, LLC 09-32839 | $ - | $ - | $ - | $ - | NOMINAL |
| CFP Anchor B SPE 09-32843 | $ - | $ - | $ - | $ - | NOMINAL |
| CFP Cornman Toltec SPE 09-32844 | $ 93.50 | $ 85.00 | $ 68.00 | $ - | $5,000 to $10,000 |
| CFP Gess SPE 09-32846 | $ - | $ - | $ - | $ - | $2,000 to $3,000 |
| CFP Gramercy SPE 09-32849 | $ 2,040.00 | $ 1,920.00 | $ 1,536.00 | $ - | $3,000 to $5,000 |
| Fiesta Stoneridge 09-32851 | $ - | $ - | $ - | $ - | NOMINAL |
| Fox Hills SPE 09-32853 | $ - | $ - | $ - | $ - | $5,000 to $10,000 |
| HFAH Monaco SPE 09-32868 | $ 687.50 | $ 610.00 | $ 488.00 | $ - | $5,000 to $10,000 |
| Huntsville SPE 09-32873 | $ 1,955.00 | $ 1,840.00 | $ 1,472.00 | $ - | NOMINAL |
| Lake Helen Partners SPE 09-32875 | $ - | $ - | $ - | $ - | $5,000 to $10,000 |
| Ocean Atlantic SPE 09-32878 | $ - | $ - | $ - | $ - | NOMINAL |
| Shamrock SPE 09-32880 | $ - | $ - | $ - | $ - | NOMINAL |
| 10-90 SPE 09-32882 | $ - | $ - | $ - | $ - | $1,000 to $5,000 |
| ARC v. 1823 Corp., Adv #09-01410 | $ - | $ - | $ - | $ - | NONE |
| Leonard v. Silar, Adv. #11-01100 | $ - | $ - | $ - | $ - | NONE |
| USA Commercial Mortgage, USDC #07-00892 | $ - | $ - | $ - | $ - | $2,000.00 |
| Appeals Litigation | $ - | $ - | $ - | $ - | NOMINAL |
| USA Commercial Mortgage, USBC #06-10725 | $ - | $ - | $ - | $ - | NOMINAL |
| Financial Documents/Turnover Demands/R2004 Discovery | $ - | $ - | $ - | $ - | NOMINAL |
| State Court Actions | $ - | $ - | $ - | $ - | NOMINAL |
| Fee Applications | $ 1,533.50 | $ 1,300.00 | $ 1,040.00 | $ - | $2,000.00 |
| Florida Tax Sale | $ - | $ - | $ - | $ - | NOMINAL |
| BarUSA | $ - | $ - | $ - | $ - | NOMINAL |
| Bay Pompano | $ - | $ - | $ - | $ - | NOMINAL |
| Binford Medical | $ - | $ - | $ - | $ - | $2,000.00 |
| Brookemere | $ - | $ - | $ - | $ - | NOMINAL |
| Castaic (including Barkett litigation) | $ - | $ - | $ - | $ - | NOMINAL |
| Comvest | $ - | $ - | $ - | $ - | NOMINAL |
| Copper Sage | $ - | $ - | $ - | $ - | NOMINAL |
| Fiesta Murrieta | $ - | $ - | $ - | $ - | $5,000 to $10,000 |
| Fiesta Murrieta - Ashby/Redman | $ - | $ - | $ - | $ - | NOMINAL |
| Fiesta Murrieta - Clevenger | $ - | $ - | $ - | $ - | NOMINAL |
| Gardens | $ 7,780.50 | $ 6,530.00 | $ 5,224.00 | $ 8.00 | $5,000 to $10,000 |
| Harbor Georgetown | $ - | $ - | $ - | $ - | NOMINAL |
| HFA Clear Lake | $ - | $ - | $ - | $ - | $2,000 to $5,000 |
| Margarita Annex | $ 5,645.50 | $ 5,180.00 | $ 4,144.00 | $ - | $7,000 to $10,000 |
| Marlton Square | $ - | $ - | $ - | $ - | NOMINAL |
| Palm Harbor | $ - | $ - | $ - | $ - | $2,000 to $5,000 |
| University Estates | $ - | $ - | $ - | $ - | NOMINAL |
| Claims held by ARC v. SPEs | $ - | $ - | $ - | $ - | NOMINAL |
| Claims held by ARC v. Loans | $ - | $ - | $ - | $ - | $1,000.00 |
| Claims Analysis/Objections | $ 1,097.00 | $ 797.50 | $ 638.00 | $ - | $10,000 to $15,000 |
| Preference Actions | $ 2,489.50 | $ 2,180.00 | $ 1,744.00 | $ - | $3,000.00 |
| Malpractice Actions | $ - | $ - | $ - | $ - | $2,000 to $5,000 |
| Oak Shores II | $ 98.00 | $ 70.00 | $ 56.00 | $ - | NOMINAL |
| Bundy Canyon Land Development | $ - | $ - | $ - | $ - | $1,000 to $2,500 |
| Total | $ 28,220.00 | $ 24,762.50 | $ 19,810.00 | $ 1,558.29 | |

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

## I.     General Administration

This subfile reflects charges for time and costs for ARC "general" matters, including items relating to ARC assets and property interests not limited to a particular property, as well as general administrative matters, and for the early time devoted to the ARC cases, reviewing files, recovering files and records and generally becoming familiar with the assets and liabilities of ARC and its related SPE debtors entities, and which are not readily attributable to other, more specific subfiles.  In general, a subfile has been opened for each debtor in these jointly administered estates, as well as for each matter which is expected to require a significant amount of attention.  Over the course of the administration of the estate additional subfiles are opened as appropriate. Sullivan Hill estimates that it will incur approximately $2,000 to $5,000 in fees and costs in this General Administration category for the months of December 2013 and January 2014.

## II.     Bundy 2.5M SPE, LLC, Case No. 09-32831

Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court.  Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## III.     Bundy 5M SPE, LLC, Case No. 09-32839

Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court.  Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## IV.     CFP Anchor B SPE, Case No. 09-32843

This property and related loan interests were sold prior to the trustee's appointment.  Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## V.     CFP Cornman Toltec SPE, Case No. 09-32844

The loan for this property was foreclosed upon prior to the trustee's appointment and title is held by the related debtor SPE, CFP Cornman Toltec.  The trustee remains as loan servicer for this property pursuant to the Court's conversion order in these cases.  The ARC estate holds a .08% interest as a direct lender.  The trustee has received inquiries concerning potential sale of this property, which have been referred to the loan captains. If the trustee is asked to facilitate a sale of the property, Sullivan Hill anticipates it will incur $5,000 to $10,000 in fees and costs for the months of December 2013 and January 2014.

## VI.     CFP Gess SPE, Case No. 09-32846

This property and related loan interests were sold prior to the appointment of the trustee.  In its orders related to the sale, the Court ordered certain funds be held back and not distributed.  Some of the funds ordered retained were held by the trustee and with court authorization, they were subsequently distributed.  Per the Court's instructions other funds were retained by Greenberg Traurig.  On October 28, 2013 the trustee received

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

$244,299 from Greenberg Traurig, representing the last of the retained sale proceeds.  A portion of that fund consisted of approved legal fees payable to Weil Gotshal & Manges, LLP and Milbank, Tweed, Hadley & McCloy.  Pursuant to the settlement agreement discussed in section XLVI, below, those fees have been paid over to the Claims Recovery Trust.  Sullivan Hill estimates it will incur $2,000 to $3,000 in fees and costs for the months of December 2013 and January 2014.

## VII.   CFP Gramercy SPE, Case No. 09-32849

The loan for this property was foreclosed upon prior to the trustee's appointment and title was held in the name of the related debtor SPE, CFP Gramercy.  The ARC estate held a 13.1% interest in the loan.  The property was sold by a Court approved action.  The sale closed on October 20, 2010.  The trustee thereafter disbursed the bulk of $15.8 million in net sale proceeds, net of court authorized claims and sale expenses, to various direct lender investors in the Gramercy loan.  The trustee participated in the resolution of claims between CCM Pathfinder Gramercy Court, LLC and its affiliates and Silar Advisors, LP, and its affiliates, to resolve conflicting claims to some of the proceeds held in reserve.  A stipulation and order was submitted to the Court and was entered.  Under that order, the trustee had some funds in reserve for the benefit of Silar.  The trustee later released the reserved funds in accordance with instructions received from Silar, implementing the Pathfinder/Silar Settlement.  As is explained more fully in section XVIII concerning the 892 Action, the trustee entered into a Court approved settlement with the plaintiffs in the 892 Action as well as a number of other direct lenders represented by the law firm of Bickel & Brewer.  The settlement enabled the trustee to resolve ARC's claims against the Gramercy loan proceeds for recoupment of servicing advances and servicing fees.  The resolution of those claims enabled the trustee to make a further distribution of funds he held for the benefit of the Gramercy direct lenders.  It has, however, been necessary to continue to hold in reserve some funds for potential payment of claims by other third parties against the collection proceeds. One direct lender objected to the charges and reserves assessed against him.  Although the objection has been briefed and submitted to the Court settlement negotiations continue.  A tentative settlement has been reached, subject to final documentation and court approval.  Sullivan Hill estimates that it will incur $3,000 to $5,000 in fees and costs for the months of December 2013 and January 2014.

## VIII.   Fiesta Stoneridge, Case No. 09-32851

This property is held in the name of the related debtor SPE, Fiesta Stoneridge, following a pre-trustee foreclosure sale.  The ARC estate holds a 1.46% interest as a direct lender.  Upon a vote of a majority in interest of the direct lenders, the court approved transfer of the estate's membership interest in the SPE (the estate is the sole member) to Vindrauga Corporation.  Debt Acquisition Company of American V, LLC filed a motion to dismiss the bankruptcy, which the Court approved.  The trustee and DACA settled the estate's claims and administrative expenses related to the separate Fiesta Stoneridge bankruptcy estate.  That settlement, which was approved by the Court, was superseded by a more global settlement, also approved by the Court, resolving not only the trustee's claims against Fiesta Stoneridge, but also claims against the estate asserted by DACA and/or affiliated entities, and potentially claims between DACA and its affiliated entities and third parties, including Silar, certain direct lenders represented by the law firm of Bickel & Brewer, Boris Piskun, and others.  Sullivan

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**

Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## IX.    Fox Hills SPE, Case No. 09-32853

Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court. The ARC estate has a .1% interest in Fox Hill 216 LLC and an 11.76% interest in Eagle Meadows Development. The trustee assisted Cross in obtaining the early release of certain monies held by the Sheppard Mullin law firm, to fund the sale of water rights owned by the LLC. The trustee provided and is continuing to provide additional assistance to the direct lenders in their efforts to sell the property and associated water rights. As is explained more fully in section XVIII concerning the 892 Action, the trustee entered into a Court approved settlement with the plaintiffs in the 892 Action as well as a number of other direct lenders represented by the law firm of Bickel & Brewer. The settlement enabled the trustee to resolve ARC's claims against the Fox Hills loan proceeds for recoupment of servicing advances and servicing fees. The resolution of those claims enabled the trustee to make a further distribution of funds he held for the benefit of the Fox Hills direct lenders. It has, however, been necessary to continue to hold in reserve some funds for potential payment of claims by other third parties against the collection proceeds. The trustee is also working with the direct lenders to recover approximately $1 million retained in escrow when some of the land and water rights were sold. The funds were retained in escrow due to a third party's claim it owned some of the rights being sold. To permit the sale to close it was agreed approximately $1 million of the sale price would be retained in escrow. The third party has now filed suit in the San Mateo County California Superior Court against all of the Fox Hills direct lenders, seeking release of these funds. The plaintiffs have mailed the summons and complaint to the direct lenders. The plaintiff contends that service by mail is effective as to those defendants/direct lenders who are not California residents. The estate is not a party to the litigation but the trustee anticipates cooperating with counsel chosen by the direct lenders to defend the suit. The real property is also the subject of a mechanic's lien asserted by Kaweah Construction Company for work it performed on adjacent property. The mechanic's lien action is being defended by a title company pursuant to a reservation of rights. The retained defense counsel had obtained summary judgment extinguishing the lien. That judgment, however, was reversed on appeal and the case has been remanded to the trial court for further proceedings. Sullivan Hill estimates that it will incur $5,000 to $10,000 in fees and costs for the months of December 2013 and January 2014.

## X.    HFAH Monaco SPE, Case No. 09-32868

This property is believed to be 100% owned by the ARC estate but title remained in the name of Compass Financial Partners. A creditor of Compass has attempted to record a judgment against the property and the trustee has filed an adversary action to have title transferred to ARC and to avoid any claimed lien arising out of the judgment's recordation. Also, the trustee has received inquiries concerning the potential sale of this property and has referred them to the appropriate loan captains. Sullivan Hill estimates that it will incur $5,000 to $10,000 in fees and costs for the months of December 2013 and January 2014.

In re Asset Resolution, LLC, Case No. 09-32824-RCJ
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF
DECEMBER 2013 & JANUARY 2014**

XI.    <u>**Huntsville SPE, Case No. 09-32873**</u>

      This property and related loan interests have been sold and loan servicing responsibility for this loan was moved to Cross FLS, as approved by this Court.  As is explained more fully in section XVIII concerning the 892 Action, the trustee entered into a settlement, which was approved by the Court, with the plaintiffs in the 892 Action as well as a number of other direct lenders represented by the law firm of Bickel & Brewer.  The settlement enabled the trustee to resolve ARC's claims against the Huntsville loan proceeds for recoupment of servicing advances and servicing fees.  The resolution of those claims enabled the trustee to make a further distribution of funds he held for the benefit of the Huntsville direct lenders.  Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

XII.    <u>**Lake Helen Partners SPE, Case No. 09-32875**</u>

      Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court.   The ARC estate holds a 28.84% interest in this SPE debtor.  Citron Investment Group, LLC ("Citron") foreclosed upon the property as agent and trustee for the direct lenders, including Asset Resolution.  Although the foreclosure was completed, title was never transferred to Asset Resolution or Lake Helen Partners SPE and title to the property now stands in the name of Citron.  When the property was at risk of being sold at a tax sale the trustee filed an emergency motion and obtained a stay enjoining the sale.  Citron sold a portion of the property to third parties and the trustee sued Citron and the third party purchasers (Adversary Case No. 11-01080-RCJ) to transfer title to all of the property to the SPE.  Substantial discovery and other pretrial preparation were undertaken.  Shortly before commencement of trial a tentative settlement was reached, under which Citron agreed to transfer to the SPE all of the property which remained in its name and agreed to pay the estate $100,000.00 over time and pursuant to a secured promissory note.  The defendants who purchased a portion of the land will pay $30,000.00 and will retain title to the portion they purchased.  The trustee filed a motion for court approval of the settlement.  Although no opposition was filed to the motion, the Court denied it without prejudice and requested additional information concerning the security for the promissory note.  The trustee is obtaining the requested additional information and has arranged for a vote of the direct lenders, to ensure they support the settlement.  The trustee received an inquiry from a prospective purchaser of some of the remaining land and has begun preliminary negotiations.  Sullivan Hill estimates that it will incur approximately $5,000 to $10,000 in fees and costs for the months of December 2013 and January 2014. in resolving the adversary complaint against Citron and its principals and in investigating possible sale of all or some of the remaining land.

XIII.    <u>**Ocean Atlantic SPE, Case No. 09-32878**</u>

      The loan for this property was foreclosed upon prior to the trustee's appointment.  Loan servicing was transferred to Cross.  The ARC estate holds a 14.61% interest as a direct lender.  When it was learned that upon foreclosure title to the property was taken in the name of ARC rather than the SPE, the trustee sought and received court authorization to transfer title to the SPE.  The transfer was completed.  Cross facilitated a sale of the property by the direct lenders and asked the trustee to seek court authorization to sign as seller.  The trustee did so and a court order authorizing the trustee to sign as seller and to sell the estate's direct lender interest was

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**

entered and the property sold. As is explained more fully in section XVIII concerning the 892 Action, the trustee has entered into a Court approved settlement with the plaintiffs in the 892 Action as well as a number of other direct lenders represented by the law firm of Bickel & Brewer. The settlement enabled the trustee to resolve ARC's claims against the Ocean Atlantic loan proceeds for recoupment of servicing advances and servicing fees. The resolution of those claims enabled the trustee to make a further distribution of funds he held for the benefit of the Ocean Atlantic direct lenders. Sullivan Hill estimates that it will incur nominal, if any, in fees and costs for the months of December 2013 and January 2014.

### XIV.  Shamrock SPE, Case No. 09-32880

The loan for this property was foreclosed upon prior to the trustee's appointment and title is held by the related debtor SPE, Shamrock. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

### XV.  10-90 SPE, Case No. 09-32882

The trustee remains in place as an interim loan servicer for this loan pursuant to this Court's conversion order. The ARC estate does not appear to have a direct lender interest in this loan. On behalf of the direct lenders, the trustee filed a claim against the bankruptcy estate of Lawrence E. Redman (U.S. Bankruptcy Court, Central District of California, Case No. 2:08-BK-21925-ER), who guaranteed the loan. The claim was objected to and the trustee spent considerable time defending the claim and negotiating a settlement. Both this Court and the court presiding over the Redman bankruptcy, as well as a majority in interest of the affected direct lenders, approved the settlement. The County of San Bernardino has expressed an interest in seeking relief from stay to enforce its tax lien, but has not yet done so. Sullivan Hill estimates it will incur $1,000 to $5,000 in fees and costs for the months of December 2013 and January 2014.

### XVI.  ARC v. 1823 Corp., Adv Case No. 09-01410

This adversary action has been dismissed. No fees or costs are expected to be incurred on this matter.

### XVII.  Leonard v. Silar, et al., Adv. Case No. 11-01100

This adversary action has been dismissed. No fees or costs are expected to be incurred on this matter.

### XVIII.  USA Commercial Mortgage, USDC Case No. 07-00892 (the "892 Action")

One of the more time consuming matters for the trustee has been litigation in the United States District Court for the District of Nevada, Case No. 07-00892 ("892 Action"). This action addressed claims by a number of individual direct lenders that Asset Resolution, Compass, and Silar committed erroneous and/or wrongful acts in the pre-bankruptcy servicing of some of the loans placed by USACM, after Compass purchased the servicing rights from USACM in its separate bankruptcy proceedings. Trial of this matter commenced on November 16, 2010 and was completed on December 14, 2010. It resulted in an award of compensatory damages against ARC in the sum of approximately $54,000, and punitive damages of $1,250,000. A number of

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

post-trial motions were filed by the parties. The parties to this action engaged in extensive settlement negotiations to resolve this suit, the 11-01100 action, and other disputes. After protracted negotiations a settlement was reached and approved by the Court. The parties then worked on preparation of the formal order, the liquidating/litigation trust agreement, and related documents. Preparation of the settlement documents was very time consuming because of the complex nature of the issues involved, including the need to analyze the tax ramifications of the trust's funding and operation. The parties submitted a proposed order and liquidating trust to the Court; however, due to objections to the form of the order its entry was delayed. Those objections were resolved and an agreed form of the order was filed with the court and entered. One of the issues resolved by the settlement is the manner in which ARC's claims against the loans for servicing fees, servicing advances, and other charges are to be calculated and any disputes resolved. Although the Court order approving the settlement has been appealed, the settling parties have agreed to go forward with the settlement and implement its terms. The trustee distributed to the direct lenders associated with each loan for which he held funds, whether from the sale of the underlying security or otherwise, notices itemizing the charges to be assessed against that loan. The trustee then obtained *ex parte* orders authorizing the distribution of those funds and those distributions have been made. Sullivan Hill estimates that in the months of December 2013 and January 2014., the trustee will incur less than $2,000 in fees and costs.

## XIX.    Appeals Litigation

Numerous appeals have been taken to the United States Court of Appeals for the Ninth Circuit, appealing orders entered both in the bankruptcy case and related adversary actions. On September 19, 2011 the Ninth Circuit issued its memorandum opinion resolving several of the appeals, affirming the district court as to three of the consolidated appeals, and dismissing the remaining three for lack of appellate jurisdiction. On October 15, 2013 the Ninth Circuit Court of Appeals issued a memorandum opinion on a separate appeal filed by Debt Acquisition of America. The memorandum opinion vacated a portion of the order which was the subject of the appeal, and remanded the matter to the district court for further proceedings. The estate did not participate in the appeal. Fees and costs that were incurred for another appeal (now dismissed) involving the sale of the Gramercy property were budgeted in a separate subfile, paragraph VII above. Sullivan Hill estimates it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## XX.    USA Commercial Mortgage, USBC Case No. 06-10725

This subfile refers to the bankruptcy proceedings filed by USA Commercial Mortgage. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## XXI.    Financial Documents/Turnover Demands/R2004 Discovery

As part of its investigation into preference, fraudulent transfer, and other avoidance actions which might be appropriate for the trustee to undertake, the trustee noticed examinations of a number of persons and entities pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. Pending resolution of efforts to mediate many of the issues involved in the bankruptcy and related adversary actions, including the 892 Action, the trustee deferred conducting the authorized examinations. With the settlement of the 892 Action the trustee at

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

present is not proceeding with those examinations. Sullivan Hill therefore estimates it will incur nominal, if any, fees or costs in December 2013 and January 2014.

### XXII.    State Court Actions

Prior to the appointment of the trustee, Asset Resolution commenced several state court actions against persons or entities who guaranteed the loans serviced by Asset Resolution. Two of these state court cases are *Compass FP Corp. v. Ashby et al.*, Orange County Superior Court No. 07 CC 09823, and *Compass v. Clevenger*, Contra Costa County Superior Court Case No. MSC07-02533. Responsibility for both cases was transferred to Cross as the cases relate to the Fiesta Murrieta loan. Any claims may now be pursued by the Claims Resolution Trust, formed pursuant to the settlement of the 892 action. The estimated attorneys' fees and costs relating to these actions are budgeted in separate subfiles.

### XXIII.    Fee Applications

Sullivan Hill estimates that it will incur approximately $2,000 in fees and costs for the months of December 2013 and January 2014., relating to compliance with interim fee procedures, setting up various subfiles and noticing procedures, and generally implementing the fee procedures approved by the Court, as well as assisting the trustee file and serve his own fee applications.

### XXIV.    Florida Tax Sales

Sullivan Hill estimates the estate will incur nominal, if any, fees and costs for the months of December 2013 and January 2014. relating to pending or threatened Florida tax sales which have threatened in the past not only ARC's direct lender interests, but also those of various third party direct lenders. Sullivan Hill has filed numerous Notices of Bankruptcy Filing and Imposition of the Automatic Stay pursuant to U.S.C. § 362.

### XXV.    BarUSA

The servicing of this loan has been transferred to Vindrauga Corporation. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

### XXVI.    Bay Pompano

This loan originated as a loan to Bay Pompano Beach, LLC (Bay Pompano), evidenced by a promissory note (the Note) dated June 20, 2005. It was secured by a mortgage (the Mortgage) against a condominium project located in Pompano Beach, Florida. Prior to the bankruptcy and in or near June, 2008, Citron Investment Group, Inc., as Florida-licensed subservicer for Compass Financial Partners LLC, sold the Note and assigned the Mortgage to Realty Financial Partners VI Limited Partnership (Realty Financial). As part of the sale a $1,000,000 escrow account was opened to reimburse Realty Financial and/or entities affiliated with it for anticipated litigation expenses concerning the Note and Mortgage. Under the terms governing the escrow account, if the underlying litigation were settled based upon a payment to Realty Financial or its affiliate of less than $1,000,000, Realty Financial and Citron/Compass (on behalf of the direct lenders) would equally share the combined amount of the settlement payment and the remaining escrowed funds. A settlement of that litigation

358674-v2                                                                                                      Page|7

was reached, conditioned upon the trustee, on behalf of the direct lenders and with their consent, agreeing to accept $75,000 less than an equal split. The settlement was approved by a majority in interest of the direct lenders and by the Court. Under the settlement, the payment to the estate on behalf of the direct lenders was approximately $655,000, which has been distributed to the direct lenders. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

XXVII.      **Binford Medical**

The ARC estate holds a 17.25% interest in this loan. Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court. It was then moved to Platinum, which asked the trustee to assist in obtaining a protective advance from Silar. At Platinum's request, the trustee filed a motion seeking court approval of a protective advance. The motion was granted, the loan funded, and the property, which was only days away from being lost to tax liens, was redeemed. Sullivan Hill estimates that it will incur less than $2,000 in fees and costs for the months of December 2013 and January 2014.

XXVIII.      **Brookemere**

This property remains under the supervision of the Court-appointed Receiver. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

XXIX.      **Castaic (including Barkett litigation)**

This subfile involves three loans. The ARC estate owns 1.43% of Castaic I (also known as Tapia Ranch), 7.59% of Castaic Partners II and 1.6% of Castaic Partners III. ARC is no longer the servicer of these loans. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

XXX.      **Comvest**

Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court. The ARC estate held a 17.82% interest in this loan. The trustee was requested to facilitate a sale of this loan and an *ex parte* application for authorization to do so was filed with the Court. The Court approved the application and the sale has closed. The trustee sought and obtained Court authorization to distribute the sales proceeds to the Comvest direct lenders and that distribution has been made. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

XXXI.      **Copper Sage**

The ARC estate's interests in the Copper Sage loan were sold to Silver Point (SPCP Group, LLC) prior to the trustee's appointment. It appears, however, that title was never transferred from the estate to Silver Point. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

XXXII.        **Fiesta Murrieta**

The loan servicing responsibility for this loan property and property interests was moved to Cross FLS, as approved by order of this Court. The trustee has been asked to facilitate a development effort including foreclosing on the property, by the direct lenders. Sullivan Hill estimates that it will incur $5,000 to $10,000 in fees and costs for the months of December 2013 and January 2014.

XXXIII.        **Fiesta Murrieta – Ashby/Redman**

This file relates to a lawsuit in state court which has been reduced to judgment. The case relates to the Fiesta Murrieta Loan, servicing of which was moved to Cross FLS and the 10-90 loan, which is still serviced by the trustee. Much of the time recorded under this matter related to activity in the Chapter 11 bankruptcy case filed by the loan guarantor/principal, Lawrence E. Redman, in the U.S. Bankruptcy Court for the Central District of California (Case No. 2:08-BK-21925-ER). As was explained in section XV, the claim filed in the Redman bankruptcy on behalf of the 10-90 direct lenders was settled and the settlement was approved by the direct lenders and the Court.

XXXIV.        **Fiesta Murrieta - Clevenger**

This file relates to a state court lawsuit relating to the Fiesta Murrieta loan. Servicing of the loan was transferred to Cross, FLS. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

XXXV.        **Gardens**

This subfile involves three related loans and property interests. The ARC estate has a 5.53% interest in a loan known as Gardens 2.4253. The ARC estate also has a separate approximately 31.03% interest in the Gardens Timeshare loan. It also wholly owns a loan known as Gardens Phase II. Servicing of the Gardens Timeshare loan was first transferred to Platinum Financial Trust, LLP, and then subsequently transferred to Commercial Mortgage Managers, Inc. in November 2011. The trustee is currently analyzing debt restructuring and/or taking substantive action to resolve the status of these loans and the borrower's failure to cure the loan defaults. The trustee has engaged in multi-party settlement talks with the borrowers, guarantors, the current loan servicer, direct lenders, and, most recently, the purchaser of the note held by Compass Bank (not related to Compass Partners), however, if the matter cannot be settled, litigation is likely against the guarantors for these loans. Sullivan Hill estimates that it will incur $5,000 to $10,000 in fees and costs for the months of December 2013 and January 2014.

XXXVI.        **Harbor Georgetown**

The ARC estate holds a 5.8% interest in this loan. The note was sold in April 2010. Under the terms of sale, the buyer immediately paid the delinquent taxes which had accrued against the property and was to make a single balloon payment of $2,000,000 in 2012. On April 10, 2012 the trustee received $1,905,586.00, the net proceeds of that balloon payment. As is explained more fully in section XVIII concerning the 892 Action, the

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

trustee entered into a Court approved settlement with the plaintiffs in the 892 Action as well as a number of other direct lenders represented by the law firm of Bickel & Brewer. The Court approved the settlement and the settlement enabled the trustee to resolve ARC's claims against the Harbor Georgetown loan proceeds for recoupment of servicing advances and servicing fees. The resolution of those claims enabled the trustee to make a further distribution of funds he held for the benefit of the Harbor Georgetown direct lenders. Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

### XXXVII.    HFA Clear Lake

Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court. The ARC estate appears to have a .29% interest in one of the Clear Lake loans. The borrower recently moved for relief from stay as part of an effort to sell the property securing the loans for $4,225,000. Because a sale at this price had previously been rejected by the direct lenders and to give the direct lenders time to consider alternative development plan, the trustee filed opposition to the motion. No hearing has been set and the motion remains pending. Sullivan Hill estimates that it will incur $2,000 to $5,000 in fees and costs for the months of December 2013 and January 2014. on this matter.

### XXXVIII.    Margarita Annex

Loan servicing responsibility for this loan and property interests was moved to Cross FLS, as approved by order of this Court. The ARC estate appears to have a 24.42% interest in this loan. Silar agreed to make a loan for the benefit of the Margarita Annex direct lenders and, at the direct lenders' instruction, the trustee filed a motion seeking Court approval of that financing. The motion was heard and granted on April 19, 2012. Subsequently, the TDI representatives retained counsel, William McGrane of San Francisco, to address a limited number of issues concerning the property and a pending state court lawsuit between the borrower and a developer who had certain rights with respect to the property. A dispute arose with Mr. McGrane (who withdrew from the representation), who asserted that each direct lender involved in this loan was individually liable to him for the full amount of his unpaid fees of approximately $150,000 (after he received approximately $50,000 from the Silar loan proceeds). Mr. McGrane requested that the trustee give him the names and addresses of the Margarita Annex direct lenders, to send each a Notice of Client's Right to Arbitrate, a prelude to suing for the unpaid fees. The trustee declined to provide the requested information and disputed its liability (and the liability of the other direct lenders) for the unpaid fees. Mr. McGrane filed an adversary action against the trustee, seeking a determination of whether the estate is bound by his fee agreement and liable for his fees, and a determination of the estate's obligation to participate in arbitration before the American Arbitration Association. All of Mr. McGrane's claims have been settled through a mediation conducted before Magistrate Judge Cooke of the Nevada district court. Final settlement agreements are being drafted. A settlement of the state court litigation has been reached. Pursuant to the settlement, the property is to be sold to Roy Investments, LLC, a California limited liability company, for approximately $13,500,000. If Roy Investments fails to complete the purchase, the property will be sold to IPDC Construction, LLC. The sale has been approved by the court and is expected to close shortly. The estate will receive its pro-rata share of the net sales proceeds.

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

Sullivan Hill estimates that it will incur approximately $7,000 to $10,000 in fees and costs for the months of December 2013 and January 2014.

## XXXIX.    **Marlton Square**

Loan servicing responsibility for this loan has been transferred to Commercial Mortgage Managers.  The estate filed a claim seeking servicing fees and reimbursement of advances made on behalf of the loan.  With the settlement of the 892 Action, discussed in section XVIII, above, ARC's claim was adjusted to reflect the terms of the settlement and the estate received payment on its claim.  Sullivan Hill estimates it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## XL.    **Palm Harbor**

The servicing responsibility for this loan and property interests was moved to CCM Pathfinder Pompano Bay, LLC pursuant to order of this Court.  The ARC estate holds a 5.6% interest in this loan.  The trustee has begun negotiations with the new servicer to determine the servicer fees and reimbursements to which ARC is entitled with respect to this property.  Sullivan Hill estimates that it will incur $2,000 to $5,000 in fees and costs for the months of December 2013 and January 2014.

## XLI.    **University Estates**

This loan was 100% owned by the ARC estate.  The trustee received court authorization to sell the loan and related rights to a third party, completed the sale, and obtained a court order authorizing the distribution of the sales proceeds to the direct lenders.  That distribution has been made.  Sullivan Hill estimates that it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## XLII.    **ARC Claims against SPE's**

The trustee, on behalf of ARC, filed claims against each special purpose entity which is a co-debtor.  The trustee does not anticipate significant activity concerning claims in the immediate future.  As detailed in the discussion of the 892 action above, with the settlement of that action the trustee is in a position to have its claims against the SPE's resolved when appropriate (*e.g.*, when there are loan collections available to pay the claim).  Sullivan Hill estimates it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

## XLIII.    **ARC Claims against Loans**

The trustee, on behalf of the jointly administered estates, has, when appropriate and in accordance with court orders, filed a claim against each loan or property when its servicing was moved to a different loan servicer.  As detailed in the discussion of the 892 action above, with the settlement of that action the trustee has resolved the estate's claims against several of the loans, has received or will shortly receive payment of its servicing fees and reimbursement of servicing advances made by ARC or its predecessors and, after reserving funds, where appropriate, for other potential claims, has distributed the funds held for the benefit of the direct

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

lenders. Sullivan Hill estimates that it will incur less than $1,000 in fees and costs for the months of December 2013 and January 2014.

## XLIV. <u>Claims Analysis/Objections</u>

The trustee completed his first review of the Proofs of Claim filed against the ARC estate and filed two rounds of objections. The first omnibus objection was sustained as to all but one creditor. A separate hearing, on a second set of 24 objections, was held on September 15, 2011. Many of the objections included in the second set were resolved by stipulated disallowance of the claim, the creditor's voluntary withdrawal of the claim, or the court's disallowance of the claim due to the creditor's failure to respond to the objection. A third set of objections was heard May 9, 2012. To the extent practicable, where a creditor responds to an objection, to reduce estate legal fees representatives of the Claims Resolution Trust are taking the lead in negotiating settlements. A group of direct lenders, a subset of the Bickel & Brewer settling direct lenders, filed a motion with the court to compel a distribution from the estate and making objections to some of the remaining unresolved claims. The trustee filed a response, joining in part the claims objections, and raising concerns with what might be a premature distribution. At least two other creditors also opposed the motion. The motion was granted and, upon entry of the order and receipt of funds from the sale of Margarita Annex as discussed in section XXXVIII above, and some additional Gess funds, the trustee will make the ordered disbursement. Sullivan Hill estimates it will incur $10,000 to $15,000 in fees and costs for the months of December 2013 and January 2014.

## XLV. <u>Preference Actions</u>

The trustee has filed sixteen preference actions. Under the 892 settlement agreement, these claims have been transferred to the liquidating trust. The trustee is assisting in the resolution of these actions. Sullivan Hill estimates it will incur approximately $3,000 in fees and costs for the months of December 2013 and January 2014.

## XLVI. <u>Malpractice Actions</u>

The trustee has asserted claims and/or filed professional malpractice actions against firms which rendered legal advice concerning the transactions which precipitated and/or were instrumental in the conduct which gave rise to the direct lenders' litigation and claims against the estate. Under the settlement agreement resolving the 892 action, most of these claims have been transferred to the liquidating trust. The trustee is assisting in the resolution of these actions. The adversary action against Weil Gotshal & Manges, LLP and Milbank Tweed Hadley & McCloy was recently settled. As part of that settlement the legal fees which had been approved for those firms, as discussed in section VI above, were paid over to the liquidating trust. Sullivan Hill estimates that it will incur between $2,000 and $5,000 in fees and costs for the months of December 2013 and January 2014.

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**

**In re Asset Resolution, LLC, Case No. 09-32824-RCJ**
**SULLIVAN HILL'S ESTIMATED FEES AND COSTS BUDGET FOR THE MONTHS OF**
**DECEMBER 2013 & JANUARY 2014**

**XLVII.        Oak Shores II**

At the request and for the benefit of the Oak Shores direct lenders the trustee filed a motion requesting authorization to incur post-petition financing for the development of that property. The motion was granted by an order entered on April 26, 2013. Those fees and costs were recorded in the general administration subfile, discussed in section I, above. Subsequent fees and costs are recorded in this subsection. Sullivan Hill estimates it will incur nominal, if any, fees and costs for the months of December 2013 and January 2014.

**XLVIII.        Bundy Canyon Land Development**

This is the borrower under several USA Capital Mortgage loans. With respect to Bundy 5.725 and Bundy 7.5, the land securing these loans is located in Riverside, California. County tax authorities recently threatened to foreclose upon the land for unpaid taxes. Three Bundy direct lenders filed an involuntary bankruptcy petition against the borrower, to stop the foreclosure. The trustee is coordinating with the direct lenders in these efforts. Sullivan Hill provided research assistance concerning procedural requirements for tax sales and attended an OSC hearing set by the bankruptcy court on the issue of whether the bankruptcy should be dismissed. The Bankruptcy Court upheld the involuntary filing and has entered an order for relief. Sullivan Hill estimates that it will incur $1,000 to $2,500 in fees and costs in December 2013 and January 2014.

**SULLIVAN HILL'S NOTICE OF INTERIM COMPENSATION REQUESTED (NOVEMBER 2013)**