LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
**LAW OFFICE OF LISA RASMUSSEN, P.C.**
601 South 10th Street, Suite #100
Las Vegas, NV 89101
Tel.   (702) 471-1436
Fax.   (702) 489-6619
Email: Lisa@LRasmussenLaw.com

*Attorneys for the B&B Settlement Trust*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:   ASSET RESOLUTION, LLC<br><br>Debtor,<br><br>And related cases | Case No. BK-S-09-32824 RCJ<br>(Lead Case)<br><br>**DECLARATION OF WILLIAM A. LEONARD, JR., TRUSTEE TO THE ASSET RESOLUTION ESTATE** |

I, WILLIAM A. LEONARD, JR., hereby declare as follows, under penalty of perjury of the laws of the United States:

1.  I was appointed as Trustee to the Asset Resolution, LLC bankruptcy estate in 1/19/2010.

2.  The Asset Resolution Estate included millions of dollars of assets and beneficial interests at the time of my appointment.

3.  In the 9-1/2 years since my appointment, I have worked extensively with Donna Cangelosi and we have worked together toward the common goal of preserving and liquidating assets belonging to the Asset Resolution Estate.  This is because there was a settlement agreement in 2012 that gave the Qualitied Settlement Trust (QST) an equity interest in assets

1

held by the Asset Resolution Bankruptcy Estate. By necessity, I have worked closely with Ms. Cangelosi, who is a member of the Trust Advisory Committee (TAC) which acts on behalf of the QST.

4.  I have reviewed Mr. Newman's Motion to Remove Ms. Cangelosi and Mr. Olson from the Trust Advisory Committee. I have also reviewed the response to that Motion filed by Ms. Rasmussen.

5.  I am not in agreement with the Motion for a variety of reasons, the most significant of which are the following:

   a.  Ms. Cangelosi is familiar with all of the assets in this case, having a working knowledge that would take hundreds of thousands of dollars for some other person to learn;

   b.  Ms. Cangelosi has skillfully negotiated the liquidation of assets, bringing millions of dollars in recovery to the Asset Resolution estate and more importantly to the direct lenders;

   c.  Ms. Cangelosi provides my office with spreadsheets and data on the direct lenders and their beneficial interests (percentages) in assets and her data is always accurate;

   d.  We are working hard to liquidate all assets and to wind down the affairs of the Asset Resolution Estate and removing Ms. Cangelosi from the Trust Advisory Committee would be completely counter-productive to those efforts;

   e.  At this point, it would be difficult for others to produce the work and efforts that Ms. Cangelosi has produced over the many years I have worked with her and it would be some time before I could have the same level of confidence that I presently have in Ms. Cangelosi's work product and data.

. . . . .

. . . . .

. . . . .

6.      For each of the reasons stated above, I strongly encourage the court to deny Mr. Newman's motion to "remove" Ms. Cangelosi from the Trust Advisory Committee. Granting the relief Mr. Newman request would be counterproductive to the Asset Resolution estate and to the direct lenders.

Executed at Las Vegas, Nevada, this 15th day of October, 2019.

_____
William A. Leonard, Jr.