SULLIVAN, HILL, REZ & ENGEL
A Professional Law Corporation
  James P. Hill, CA SBN 90478 (Pro Hac Vice)
  Jonathan S. Dabbieri, CA SBN 91963 (Pro Hac Vice)
  Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor
Las Vegas, NV 89101
Telephone:  (702) 382-6440
Fax Number: (702) 384-9102

Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>        Debtor.<br><br>Affects:<br>☐ All Debtors<br>☒ Asset Resolution, LLC, 09-32824<br>☐ Bundy 2.5 Million SPE, LLC, 09-32831<br>☐ Bundy Five Million SPE, LLC, 09-32839<br>☐ CFP Anchor B SPE, LLC, 09-32843<br>☐ CFP Cornman Toltec SPE, LLC, 09-32844<br>☐ CFP Gess SPE LLC, 09-32846<br>☐ CFP Gramercy SPE, LLC, 09-32849<br>☐ Fiesta Stoneridge, LLC, 09-32851<br>☐ Fox Hills SPE, LLC, 09-32853<br>☐ HFAH Monaco SPE, LLC, 09-32868<br>☐ Huntsville SPE, LLC, 09-32873<br>☐ Lake Helen Partners SPE, LLC, 09-32875<br>☐ Ocean Atlantic SPE, LLC, 09-32878<br>☐ Shamrock SPE, LLC, 09-32880<br>☐ 10-90 SPE, LLC, 09-32882 | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br><br>**REPLY IN SUPPORT OF OBJECTION TO CLAIMS 13-1 AND 13-2 OF THE INTERNAL REVENUE SERVICE**<br><br>Date:   February 22, 2021<br>Time:   10:00 a.m.<br>Judge: Hon. Robert C. Jones |

1       By its Proof of Claim 13-2, the IRS asserted claims for 2008 and 2009 unpaid FICA taxes. With his objection, the trustee submitted the declaration of Stacy Chiang, dkt. no. 3556, one of the estate's accountants, in which she declared that her review of the debtor's records established that the debtor had no employees in either tax year and therefore no FICA tax liability. In its response to the trustee's objection, dkt. no. 3605, the IRS conceded the objection as to tax year 2009, except for the asserted penalty, but continued to assert a claim for tax year 2008. The response, however, simply referenced, but did not attach, a 2008 return, and a cryptic "transcript" which simply stated an amount due, with no supporting documentation.

      As is explained in the Declaration of Jonathan S. Dabbieri, served and filed concurrently herewith, the estate's accountants subsequently located in the debtor's records an amended 2008 tax return which had been prepared, prepetition, by Asset Resolution's accountants. The amended return reflected that no tax was due for 2008, however it is unclear if the amended return was filed with the IRS. The estate's accountants reviewed (not in the technical sense used by an accountant) the amended return and based upon it and their review of the debtor's books and records, prepared and filed an amended return. That return is currently being processed by the IRS. A copy of the filed amended return is attached to Mr. Dabbieri's declaration.

      Although a proof of claim is prima facie evidence of the claim's validity, once an objection which contains some controverting evidence is made to the claim, the burden of proof shifts back to the claimant, who bears the ultimate burden of proving the claim's validity by a preponderance of the evidence. *Litton Loan Servicing v. Garvida (In re Garvida,* 347 B.R. 697, 704 (9th Cir. BAP 2006). Here, the IRS has presented no evidence contesting the detailed review of the debtor's records and prepared, but perhaps not filed, amended return, all of which culminated in the accountants' conclusion that no tax is due for 2008 and their preparation and filing of an amended return reflecting this conclusion.

/ / /

/ / /

/ / /

/ / /

The IRS bears the ultimate burden of proof in establishing the validity of its claim. Its proof falls entirely short of satisfying this burden and the objection to claim 13-2 should be sustained. Alternatively, the objection hearing should be continued to permit the IRS to continue processing the amended return.

Dated: February 17, 2021

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By: /s/ Jonathan S. Dabbieri
James P. Hill (Pro Hac Vice)
Jonathan S. Dabbieri (Pro Hac Vice)
Elizabeth E. Stephens
Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.