SULLIVAN, HILL, REZ & ENGEL
A Professional Law Corporation
  James P. Hill, CA SBN 90478 (*Pro Hac Vice*)
  Jonathan S. Dabbieri  SBN 91963 (*Pro Hac Vice*)
  Elizabeth E. Stephens, NV SBN 5788
228 South Fourth Street, First Floor, Las Vegas, NV 89101
Tel:  (702) 382-6440/ Fax: (702) 384-9102

Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>        Debtor.<br><br>Affects:<br>☐ All Debtors<br>☒ Asset Resolution, LLC, 09-32824<br>☐ Bundy 2.5 Million SPE, LLC, 09-32831<br>☐ Bundy Five Million SPE, LLC, 09-32839<br>☐ CFP Anchor B SPE, LLC, 09-32843<br>☐ CFP Cornman Toltec SPE, LLC, 09-32844<br>☐ CFP Gess SPE LLC, 09-32846<br>☐ CFP Gramercy SPE, LLC, 09-32849<br>☐ Fiesta Stoneridge, LLC, 09-32851<br>☐ Fox Hills SPE, LLC, 09-32853<br>☐ HFAH Monaco SPE LLC, 09-32868<br>☐ Huntsville SPE LLC, 09-32873<br>☐ Lake Helen Partners SPE LLC, 09-32875<br>☐ Ocean Atlantic SPE LLC, 09-32878<br>☐ Shamrock SPE LLC, 09-32880<br>☐ 10-90 SPE, LLC, 09-32882 | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7<br>**ORDER CONFIRMING SALE BY AUCTION (OAK SHORES)**<br><br>Date:   September 21, 2020<br>Time:   Noon<br><br>Ctrm:   Bruce R. Thompson Federal Bldg.<br>            and Courthouse<br>            400 South Virginia St., Ctrm 6<br>            Reno, NV 89501<br><br>Judge:  Hon. Robert C. Jones |

- 1 -

416362-v1

The Court having previously entered its Agreed Order Granting Silar Advisors, LP's Motion for Relief Concerning Defaulted Oak Shores II PAL Loan [Dkt. no. 3502] (dkt. no. 3644) (all capitalized terms herein having the same meaning as in the Motion and Agreed Order) and having ruled that the Collateral Property owned by Oak Shores SPE, LLC, a Nevada limited liability company ("Oak Shores SPE") was to be sold at public auction pursuant to 11 U.S.C. §363(f) on September 21, 2020, on September 21, 2020 at the hour of 10:00 a.m. the Court conducted a public auction of the Collateral Property (the "Auction") at the Bruce R. Thompson Federal Building and Courthouse, 400 South Virginia Street, Reno, Nevada 89501, by Zoom videoconference and teleconference. The Trustee appeared through counsel Jonathan S. Dabbieri of Sullivan, Hill, Rez & Engel; Silar Advisors, LP appeared through counsel Francis B. Majorie of The Majorie Firm; Certain Direct Lenders appeared through counsel Janet Chubb of Kaempfer Crowell; Donna Cangelosi, attended in her capacity as TDI Representative for the Oak Shores II direct lenders and Oak Shores SPE ("Cangelosi"); no other parties appeared.

At the Auction, the outstanding balance on the Oak Sores II Pal Loan was submitted as a credit bid by Silar Advisors, LP; no competing bid was made. There being no further bids and the bidding having been concluded,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Under the Agreed Order, Silar Advisors, LP has the right to designate a special purpose entity to take title to the Collateral Property in the event it was the successful bidder at the Auction. DGR Oak Shores, LLC, a Delaware limited liability company ("DGR") is Silar Advisors, LP's permitted designee under the Agreed Order.

2. The Collateral Property is hereby sold to DGR, free and clear of all liens and encumbrances except property taxes.

3. The Trustee and Cangelosi as TDI Representative for all Oak Shores II direct lenders and/or on behalf of Oak Shores II SPE are each authorized to close the sale to DGR without further order of the Court and to sign all documents reasonably necessary to complete the sale and the related transactions contemplated by the Motion. Such documents include

without limitation a deed and one or more assignments of contract and/or development and/or other rights acceptable to DGR;

4.   Silar Advisors, L.P. and DGR are each a buyer in good faith as described in bankruptcy code section 363(m), entitled to all the protections encompassed therein;

5.   The Auction and events leading up to it were conducted at arms-length, free of collusion, and in good faith;

6.   Any cash disbursed from the PAL Loan still held by the Trustee on behalf of the Asset Resolution bankruptcy estate (approximately $41,000) shall be paid over to the Bickel & Brewer Qualified Settlement Trust;

7.   Any and all deposits, allowances, bonds, credits, government approvals, rights, applications, waivers, contracts, plans, specifications, correspondence, documents, agreements, and other things of value associated with the actual or possible development of the Collateral Property ("Development Rights") shall, at the option of DGR, be transferred to DGR or its designee in whole or in part. Cangelosi as TDI Representative is directed to provide Silar within thirty (30) calendar days from the date this Order is entered with copies of all Development Rights in her possession, custody, or control as TDI Representative for the Oak Shores II direct lenders and/or Oak Shores II SPE;

8.   The provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure are waived and this order is effective immediately upon entry;

9.   The Court retains jurisdiction for the purpose of entering further orders to implement the transactions contemplated in the Motion.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2021.

_____
Honorable Robert C. Jones

- 3 -

416362-v1

Submitted By:

SULLIVAN, HILL, REZ & ENGEL
A Professional Law Corporation

By:     /s/ Jonathan S. Dabbieri
        James P. Hill
        Jonathan S. Dabbieri
        Elizabeth E. Stephens
        Attorneys for Chapter 7 Trustee,
        William A. Leonard, Jr.

Approved as to form:

THE MAJORIE FIRM, LTD.


By:     /s/ Francis B. Majorie
        Francis B. Majorie

KAEMPFER CROWELL


By:     /s/ Janet Chubb
        Janet Chubb


/s/ Donna Cangelosi
Donna Cangelosi, solely in her capacity as
TDI representative for the Oak Shores II direct
lenders and not individually

- 4 -

416362-v1

**LOCAL RULE 9021 DECLARATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☒ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Dated this 3rd day of February 2021.

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By:    /s/ Jonathan S. Dabbieri
James P. Hill
Jonathan S. Dabbieri
Elizabeth E. Stephens
Attorneys for Chapter 7 Trustee,
William A. Leonard, Jr.

- 5 -

416362-v1